## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

PATRICK JOSEPH GROULX,   )
           )
    Plaintiff,    )
           )
v.           )  Case No:
           )
TAKEDA PHARMACEUTICAL COMPANY, )
a Foreign Corporation, BAXTER  )
HEALTHCARE CORPORATION,  )
a Foreign Corporation, and BIOLIFE PLASMA )
SERVICES LP, a Foreign Limited Partnership, )
           )
    Defendants.   )

## NOTICE OF REMOVAL

To: The United States District Court for the Eastern District of Michigan.

   Pro Se Plaintiff:  Patrick Joseph Groulx
         *Pro Se Plaintiff*
         2070 Houlihan Rd.
         Saginaw, Michigan 48601
         (989) 860-2550
         Mr.288074@yahoo.com

   Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants, TAKEDA PHARMACEUTICAL

COMPANY LIMITED (incorrectly named as TAKEDA PHARMACEUTICAL COMPANY);

BAXALTA US INC. (incorrectly named as BAXTER HEALTHCARE CORPORATION); and

BIOLIFE PLASMA SERVICES LP, hereby file this Notice of Removal of the above captioned

matter from the 10th Judicial Circuit Court of Saginaw County, Michigan to the United States

District Court for the Eastern District of Michigan, and in support thereof states as follows:

### A. The Removed Case

   On April 25, 2025, Plaintiff filed his Complaint at Law in the 10th Judicial Circuit Court

of Saginaw County, Michigan, captioned *Groulx v. Takeda Pharmaceutical Company; Baxter*

*Healthcare Corporation; and Biolife Plasma Services LP*, bearing case number 25-850-CZ. A copy of Plaintiff's Complaint is attached hereto as **Exhibit 1**.

Plaintiff's Complaint alleges that, on multiple dates in January and February 2023, he donated plasma at a BioLife facility located at G3559 Miller Road in Flint, Michigan. Plaintiff claims that Defendants, including BioLife Plasma Services LP and various alleged parent or affiliate entities, collected plasma in excess of federally permitted volumes, failed to provide compensation, and thereby caused him physical and emotional harm. The Complaint asserts claims for fraudulent conduct, negligence, and regulatory noncompliance under 21 C.F.R. § 640.63, and seeks compensatory, punitive, and nominal damages. **See Exhibit 1**.

### B.    Venue

Venue of this action is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district corresponding to the place where the state court action was pending.

### C.    Removal is Timely

Plaintiff filed his Complaint on April 25, 2025. Service was effectuated upon Defendants via traceable mailing, on May 5, 2025. Removal, therefore, is timely under 28 U.S.C. §1446(b) because notice has been filed within 30 days of Defendant receiving the initial pleading in the state court action on May 5, 2025.

### D.    Service of Removal Papers

Pursuant to 28 U.S.C. §1446(d) written notice of removal must be given to Plaintiff's counsel and a Notice of Filing of Notice of Removal shall be filed in the 10th Judicial Circuit Court of Saginaw County, Michigan. A true and correct copy of the Notice of Filing of Notice of Removal is attached as **Exhibit 2**.

**E.      Jurisdiction under 28 U.S.C. § 1332**

This is a civil action that properly falls under the Court's original jurisdiction under 28 U.S.C. § 1332 and is one that may be removed under 28 U.S.C. § 1441. There is a complete diversity of citizenship among the parties.

On information and belief, and pursuant to the allegations asserted in his Complaint, *Pro Se* Plaintiff, PATRICK JOSEPH GROULX is a Michigan citizen, residing in Saginaw, Michigan.

Defendant TAKEDA PHARMACEUTICAL COMPANY LIMITED is a citizen of Delaware and Massachusetts. It is a corporation duly organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business in Cambridge, Massachusetts.

Defendant BAXALTA US INC. is a citizen of Delaware. It is a corporation duly organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business in Bannockburn, Illinois.

Defendant BIOLIFE PLASMA SERVICES L.P. is a citizen of Delaware and Illinois. BioLife Plasma Services L.P. is a Pennsylvania limited partnership with its principal place of business in Bannockburn, Illinois, and its sole partner is BioLife Plasma L.L.C.. BioLife Plasma L.L.C. is a Delaware limited liability company with a single member: Baxalta US Inc. Baxalta US Inc. is a Delaware corporation with its principal place of business in Bannockburn, Illinois.

The amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff seeks over $3.3 million in damages from each Defendant, including $1 million in compensatory damages, $1 million in punitive damages, $100,000 in nominal damages, plus 5% monthly compound interest, attorneys' fees, and costs. Plaintiff also alleges "serious and permanent

injuries," ongoing pain and impairment, and substantial medical expenses. **See Exhibit 1**, pp. 5-6, 9, 11-12, 14-17.

For purposes of removal, these explicitly alleged damages are sufficient to establish based on preponderance of the evidence that the amount in controversy exceeds $75,000. See, e.g., *Parris v. Mego Mortgage Group*, 14 Fed. Appx. 394, 396 (6th Cir. 2001) ("The sum claimed by the Plaintiff controls" the amount in controversy (internal quotations omitted)); *Gafford v. General Elec. Co.*, 997 F.2d 150 (6th Cir. 1993); *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990); *In re Cardizem CD Antitrust Litigation*, 90 F. Supp. 2d 819, 823 (E.D. MI 1999) ("defendant's burden of proof regarding the amount in controversy varies depending on whether and how much the plaintiff seeks in damages").

By filing this Notice of Removal, Defendants do not waive any jurisdictional objections or any other available defenses.

WHEREFORE, Defendants, TAKEDA PHARMACEUTICAL COMPANY LIMITED (incorrectly named as TAKEDA PHARMACEUTICAL COMPANY); BAXALTA US INC. (incorrectly named as BAXTER HEALTHCARE CORPORATION); and BIOLIFE PLASMA SERVICES LP, respectfully request that this civil action be removed from the 10th Judicial Circuit Court of Saginaw, Michigan, and that this Court accept jurisdiction over this action, and henceforth, that this action be placed on the docket of this Court for further proceedings, as though this action had originally been instituted in this Court.

Respectfully submitted,

/s/ *Phillip G. Litchfield*
One of the Attorneys for Defendants Takeda Pharmaceutical Company Limited, Baxalta US Inc., and BioLife Plasma Services LP

Phillip G. Litchfield (P86929)

4

Zachary G. Stillman (P87670)
**LITCHFIELD, CAVO, LLP**
303 West Madison, Suite 300
Chicago, IL 60606
(312) 781-6584 (Litchfield)
(312) 781-6672 (Stillman)
LitchfieldP@LitchfieldCavo.com
Stillman@litchfieldcavo.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 4, 2025, the foregoing Notice of Removal and accompanying documents were served via email and United States mail to the following party:

> Patrick Joseph Groulx
> *Pro Se Plaintiff*
> 2070 Houlihan Rd.
> Saginaw, Michigan 48601
> (989) 860-2550
> Mr.288074@yahoo.com

> /s/ *Phillip G. Litchfield*
> One of the Attorneys for Defendants Takeda Pharmaceutical Company Limited, Baxalta US Inc., and BioLife Plasma Services LP

**STATE OF MICHIGAN**
**10ᵗʰ JUDICIAL CIRCUIT COURT**
**IN AND FOR SAGINAW COUNTY**

| | |
|---|---|
| **Patrick-Joseph: Groulx** | Case No. 25- **850** tz |
| | JURY TRIAL IS DEMANDED PURSUANT |
| Plaintiff/Prosecutor | TO ARTICLE 1 SECTION 14 OF THE |
| | CONSTITUTION OF MICHIGAN |
| Vs. | **JUDGE MANVEL TRICE** |

**Takeda Pharmaceutical Company** aka BioLife Plasma Services, Takeda Oncology, Takeda Canada, Takeda U.K., Takeda France, TiGenix, Nimbus Lakshmi, Maverick Therapeutics, TAP Pharmaceuticals, Takeda Science Foundation, Baxter BioScience Manufacturing Sarl, PVP Biologics, Shire Pharmaceutical Holdings Ireland, Takeda Bio Development Center Limited, Takeda Farmacêutica Brasil, Takeda Manufacturing U.S.A., Takeda (China) Holdings Co., Adaptate Biotherapeutics, Takeda Pharma Vertrieb, Shire Acquisitions Investments Ireland Designated Activity Company, Takeda Nederland, Takeda America Holdings, Takeda Italia, Takeda Pharmaceuticals Asia Private Limited, Nycomed Austria, Takeda Healthcare Philippines, A-Digital,  Takeda Belgium, Takeda Israel, Takeda Europe Holdings, Pharma International Insurance, Takeda Pharmaceuticals Korea Co., Nycomed Pharmaceuticals, Takeda Farmaceuticos Portugal, Nycomed SICAR, Takeda Italia Farmaceutici, Tianjin Takeda Pharmaceuticals Co., Takeda Development Centre Europe, Nycomed Christiaens, Takeda Pharma, Plasmapunkt Favoriten, Takeda Dunboyne Biologics Limited, Takeda Pharmaceuticals International, TAP Finance, Takeda Globalresearch & Development Center, PT. Takeda Indonesia, Plasmaspendedienst, Plasmaspendezentrum Donaustadt, Takeda, and Vascular Plazma

**Baxter Healthcare Corporation** aka BioLife Plasma Services, Welch Allyn, Liko, Milacron, Hill-Rom Holdings, Mortara Instrument, Trumpf Medical Systems, Hill Rom, Epiphany Cardiography Products, Comfort Holdings, Hill-Rom de Mexico, Eagle Acquisition Sub, Connecta Soft, Welch Allyn Holdings, Huntersville Insurance Company, Hillrom Investment Holdings, Vantive US Healthcare, Baxter Corporation, Laboratorios Baxter, Baxter India Private Limited, Baxter, Gambro, Baxter Hospitalar, Baxter Medical AB, Baxter Healthcare Corporation of Puerto Rico, Baxter Belgium, Cheetah Medical, Baxter Deutschland, Synovis Life Technologies, Baxter Pharmaceutical Solutions, Gambro Lundia AB, Baxter Healthcare Pty, Baxter Corporation Englewood, Synovis Micro Companies Alliance, Baxter Ecuador, Gambro Dasco Spa, Bieffe Medital, Baxter AG, toSense, Baxter Médico-Farmacêutica, Baxter Pharmaceuticals India Pvt, Baxter Limited, Claris Injectables Limited, Baxter (Malta) Holding, Vantive Health, Gambro, Baxter BioSurgery, Gambro Renal Products, RTS Americas, Sapa Prodotti Plastici Sagl, Baxter World Trade Corporation, Baxter Incorporated, Gambro Renal Products, Baxter Deutschland Holding, Baxter Productos Medicos, Wound Care Technologies, Baxter Oy, Baxter Healthcare Limited, Baxter Argentina, Baxter Polska,  and Baxter Pacific Investments

**EXHIBIT  1**

BioLife Plasma Services LP,

DEFENDANTS.

/

## COMPLAINT

## I.  PARTIES OF THE COMPLAINT AND THEIR CONTACT INFORMATION

**A.** Patrick-Joseph: Groulx is the Plaintiff and the Prosecutor who resides in Saginaw Michigan at 2070 Houlihan Road with a contact number of 989 860-2550 and an email of mr.288074@yahoo.com.

**B.** Takeda Pharmaceutical Company aka BioLife Plasma Services Defendant-A is located at 75 Sidney Street Cambridge, MA 02139 and is incorporated under the laws of Delaware and has a registered agent known as the Corporation Company located at 40600 Ann Arbor Road E STE 201, Plymouth MI 48170

**C.**  Baxter Healthcare Corporation aka BioLife Plasma Services Defendant-B is located at 1 Baxter Parkway, Deerfield, IL 60015 and is incorporated under the laws of Delaware and has a registered agent known as the Corporation Company located at 40600 Ann Arbor Road E STE 201, Plymouth MI 48170

**D.** BioLife Plasma Services LP Defendant-C has a headquarters located at 1200 Lakeside Dr, Deerfield, Illinois 60015 and is incorporated under the laws of Delaware and has a registered agent known as the Corporation Company located at 40600 Ann Arbor Road E STE 201, Plymouth MI 48170

## JURISDICTION AND VENUE

Jurisdiction is proper pursuant to MCL 600.601 Circuit court; jurisdiction and power.

Venue is proper pursuant to MCL 600.1627 Venue; county where cause of action arose

## II. TERMS OF THE COMPLAINT

**a.** If Defendants fail to Object to any of the terms inscribed here, defendants lose their right to argue the terms and lose their right to argue any term not objected to in an appeal.

**b.** Every Objection must be separate from the Answer; an Objection is not an answer to a complaint.

**c.** Every Objection for a term is a separate objection, 2 or more terms cannot be combined in a single objection, each term being objected to must be a different filing.

**d.** Failure to Object to any term will leave a door open for a motion for an order reflecting the terms to be enforced in this suit.

**e.** The Plaintiff, the Court and the Judge and/or Magistrate Judge are not bound to these terms.

**f.** Defendant cannot file a summary disposition unless it is used to fix a defective document.

**g.** Defendants cannot file a motion to dismiss.

**h.** Plaintiff will have the right to amend his Complaint as needed to the 12th time.

**i.** Defendants are not allowed to Sanction Plaintiff.

**j.** Defendants cannot file a motion for Sanctions.

**k.** Defendants cannot deem this action as frivolous.

**l.** Plaintiff only has to prove injury, harm or loss, nothing more and nothing less.

## III. NATURE OF THE ACTION

### I. INTRODUCTION

This is an action for fraudulently taking over 880 ml of plasma from Plaintiff without compensation and taking over 880 ml of plasma endangered Plaintiff's wellbeing which had the potential to kill Plaintiff when taking over 880 ml of plasma from a person such as the Plaintiff

## II. FACTUAL BACKGROUND

According to the Code of Federal Regulations Title 21, Section 640.63, individuals who weigh 175 pounds or more may donate plasma up to two times in a seven-day period, with at least 48 hours between donations. However, the total volume of plasma collected in a single donation may not exceed 880 milliliters.

On January 12, 2023, at G3559 Miller Rd, Flint, MI 48507, Defendant-C, Bio Life Plasma Services took over 880 ml of plasma from Plaintiff Patrick-Joseph Groulx without compensation.

On January 14, 2023, at G3559 Miller Rd, Flint, MI 48507, Defendant-C, Bio Life Plasma Services took over 880 ml of plasma from Plaintiff Patrick-Joseph Groulx without compensation.

On January 19, 2023, at G3559 Miller Rd, Flint, MI 48507, Defendant-C, Bio Life Plasma Services took over 880 ml of plasma from Plaintiff Patrick-Joseph Groulx without compensation.

On January 21, 2023, at G3559 Miller Rd, Flint, MI 48507, Defendant-C, Bio Life Plasma Services took over 880 ml of plasma from Plaintiff Patrick-Joseph Groulx without compensation.

On January 26, 2023, at G3559 Miller Rd, Flint, MI 48507, Defendant-C, Bio Life Plasma Services took over 880 ml of plasma from Plaintiff Patrick-Joseph Groulx without compensation.

On January 28, 2023, at G3559 Miller Rd, Flint, MI 48507, Defendant-C, Bio Life Plasma Services took over 880 ml of plasma from Plaintiff Patrick-Joseph Groulx without compensation.

On February 2, 2023, at G3559 Miller Rd, Flint, MI 48507, Defendant-C, Bio Life Plasma Services took over 880 ml of plasma from Plaintiff Patrick-Joseph Groulx without compensation.

On February 4, 2023, at G3559 Miller Rd, Flint, MI 48507, Defendant-C, Bio Life Plasma Services took over 880 ml of plasma from Plaintiff Patrick-Joseph Groulx without compensation.

Plaintiff alleges that Defendant-C fraudulently took over 880 ml of plasma from him while not providing any compensation and causing health issues.

### DEFENDANT A and B

Defendant-A and B are the parents of Defendant-C which are all equally to be sued civilly

### Plaintiff's RESEARCH AND FINDINGS

Plaintiff finds it wrong to take over 880 ml of plasma from a person. This is because plasma is a vital part of the human body, and taking too much can lead to serious health problems.

Plasma is the liquid portion of blood that carries nutrients and oxygen to the cells and removes waste products. It also contains antibodies, which help the body fight infection.

Taking too much plasma can lead to a number of problems, including:

> Dehydration, Fatigue, Dizziness, Lightheadedness, Headache, Nausea, Migraine, Vomiting, Muscle cramps, Low blood pressure, Shock, and Death,

In severe cases, taking too much plasma can lead to death.

Plaintiff believes that taking over 880 ml of plasma from a person is wrong because it can put the person's health at risk

## ENTITLEMENT TO RELIEF

Plaintiff is entitled to the following relief from Defendants A, B, and C for their negligence, fraudulent and negligent noncompliance with Title 21, Code of Federal Regulations, Section 640.63, and endangerment of Plaintiff's wellbeing, which caused migraines, dehydration, hunger, and increased risk of serious injury or death:

1. From **Defendant-A** and its subsidiary, BioLife, severally: a. Compensatory Damages in the amount of $1,000,000 for physical harm, pain and suffering, emotional distress, and costs associated with migraines, dehydration, hunger, and related injuries caused by the over-collection of plasma, plus interest at a rate of 5% per month, compounded monthly, from the date of filing the Summons and Complaint until paid in full; b. Punitive Damages in the amount of $1,000,000 to punish Defendant-A for their willful, fraudulent, and reckless disregard of federal regulations and to deter similar misconduct, plus interest at a rate of 5% per month, compounded monthly, from the date of filing the Summons and Complaint until paid in full; c. Nominal Damages in the amount of $100,000 to acknowledge the violation of Plaintiff's rights and the indignity of suffering migraines, dehydration, and hunger, requiring Plaintiff to rebound from the harm caused, plus interest at a rate of 5% per month, compounded monthly, from the date of filing the Summons and Complaint until paid in full.

2. From **Defendant-B** and its subsidiary, BioLife  severally: a. Compensatory Damages in the amount of $1,000,000.00 for physical harm, pain and suffering, emotional distress, and costs associated with migraines, dehydration, hunger, and related injuries caused by the over-collection of plasma, plus interest at a rate of 5% per month, compounded monthly, from the date of filing the Summons and Complaint until paid in full; b.

Punitive Damages in the amount of $1,000,000.00 to punish Defendant-B for their willful, fraudulent, and reckless disregard of federal regulations and to deter similar misconduct, plus interest at a rate of 5% per month, compounded monthly, from the date of filing the Summons and Complaint until paid in full; c. Nominal Damages in the amount of $100,000.00 to acknowledge the violation of Plaintiff's rights and the indignity of suffering migraines, dehydration, and hunger, requiring Plaintiff to rebound from the harm caused, plus interest at a rate of 5% per month, compounded monthly, from the date of filing the Summons and Complaint until paid in full.

3. From **Defendant-C**: a. Compensatory Damages in the amount of $1,000,000.00 for physical harm, pain and suffering, emotional distress, and costs associated with migraines, dehydration, hunger, and related injuries caused by the over-collection of plasma, plus interest at a rate of 5% per month, compounded monthly, from the date of filing the Summons and Complaint until paid in full; b. Punitive Damages in the amount of $1,000,000.00 to punish Defendant-C for its willful, fraudulent, and reckless disregard of federal regulations and to deter similar misconduct, plus interest at a rate of 5% per month, compounded monthly, from the date of filing the Summons and Complaint until paid in full; c. Nominal Damages in the amount of $100,000.00 to acknowledge the violation of Plaintiff's rights and the indignity of suffering migraines, dehydration, and hunger, requiring Plaintiff to rebound from the harm caused, plus interest at a rate of 5% per month, compounded monthly, from the date of filing the Summons and Complaint until paid in full.

4. Plaintiff further seeks costs, attorney's fees, and such other relief as the Court deems just and proper.

## III. CIVIL CLAIM

1.  Plaintiff incorporates by reference the civil claim in the proceeding paragraphs:

## COUNT I

### Fraudulent Noncompliance and Negligence in Violation of 21 C.F.R. § 640.63 by Defendant-A's Subsidiary, BioLife

1.  Plaintiff alleges that Defendant-A's subsidiary, BioLife, knowingly and fraudulently collected plasma in excess of 880 milliliters from Plaintiff on multiple occasions, in violation of Title 21, Code of Federal Regulations, Section 640.63.

2.  At all relevant times, Defendant-A and its subsidiary, BioLife, were aware of the requirements set forth in 21 C.F.R. § 640.63, which governs the safe collection of plasma and is publicly accessible.

3.  On or about January 12, 14, 19, 21, 26, and 28, 2023, and February 2 and 4, 2023, at BioLife's facility located at G3559 Miller Rd, Flint, MI 48507, between approximately 9:00 a.m. and 12:00 p.m., BioLife collected plasma from Plaintiff in excess of the permitted volume, as evidenced by Plaintiff's records and photographic documentation.

4.  Plaintiff alleges that BioLife engaged in fraudulent conduct by:

    a. Intentionally misrepresenting or concealing the fact that the volume of plasma collected exceeded the limits prescribed by 21 C.F.R. § 640.63;

    b. Knowingly violating federal regulations with the intent to induce Plaintiff to continue donating plasma under false pretenses;

      c. Causing Plaintiff to reasonably rely on BioLife's apparent compliance with

      federal regulations, to Plaintiff's detriment.

5. BioLife owed Plaintiff a duty of care to collect plasma in accordance with federal regulations and industry standards to ensure Plaintiff's safety. BioLife breached this duty by:

      a. Negligently collecting plasma in excess of 880 milliliters;

      b. Failing to implement adequate safeguards to prevent over-collection;

      c. Failing to inform Plaintiff of the risks associated with over-collection.

6. As a direct and proximate result of BioLife's fraudulent and negligent conduct, Plaintiff suffered physical and emotional harm, including but not limited to:

      a. Severe migraines requiring medical attention and recovery time;

      b. Dehydration, necessitating Plaintiff to consume additional water to restore bodily fluids;

      c. Hunger and related physical distress caused by the excessive plasma collection process.

7.  Plaintiff seeks the following relief from Defendant-A severally:

a. **Compensatory Damages** in the amount of $1,000,000 for physical harm, pain and suffering, emotional distress, and costs associated with migraines, dehydration, hunger, and related injuries caused by the over-collection of plasma, plus interest at a rate of 5% per month, compounded monthly, from the date of filing the Summons and Complaint until paid in full;

b. **Punitive Damages** in the amount of $1,000,000 to punish BioLife for its willful, fraudulent, and reckless disregard of federal regulations and to deter similar misconduct in the future, plus interest at a rate of 5% per month, compounded monthly, from the date of filing the Summons and Complaint until paid in full;

c. **Nominal Damages** in the amount of $100,000 to acknowledge the violation of Plaintiff's rights and the indignity of suffering migraines, dehydration, and hunger, requiring Plaintiff to take measures to rebound from the harm caused, plus interest at a rate of 5% per month, compounded monthly, from the date of filing the Summons and Complaint until paid in full;

d. Costs, attorney's fees, and such other relief as the Court deems just and proper.

## COUNT I

### Fraudulent Noncompliance and Negligence in Violation of 21 C.F.R. § 640.63 by Defendant-B's Subsidiary, BioLife

1. Plaintiff alleges that Defendant-B's subsidiary, BioLife, knowingly and fraudulently collected plasma in excess of 880 milliliters from Plaintiff on multiple occasions, in violation of Title 21, Code of Federal Regulations, Section 640.63.

2. At all relevant times, Defendant-B and its subsidiary, BioLife, were aware of the requirements set forth in 21 C.F.R. § 640.63, which governs the safe collection of plasma and is publicly accessible.

3. On or about January 12, 14, 19, 21, 26, and 28, 2023, and February 2 and 4, 2023, at BioLife's facility located at G3559 Miller Rd, Flint, MI 48507, between approximately 9:00 a.m. and 12:00 p.m., BioLife collected plasma from Plaintiff in excess of the permitted volume.

4. Plaintiff alleges that BioLife engaged in fraudulent conduct by:

   a. Intentionally misrepresenting or concealing the fact that the volume of plasma collected exceeded the limits prescribed by 21 C.F.R. § 640.63;

   b. Knowingly violating federal regulations with the intent to induce Plaintiff to continue donating plasma under false pretenses;

   c. Causing Plaintiff to reasonably rely on BioLife's apparent compliance with federal regulations, to Plaintiff's detriment.

5. BioLife owed Plaintiff a duty of care to collect plasma in accordance with federal regulations and industry standards to ensure Plaintiff's safety. BioLife breached this duty by:

    a. Negligently collecting plasma in excess of 880 milliliters.

    b. Failing to implement adequate safeguards to prevent over-collection;

    c. Failing to inform Plaintiff of the risks associated with over-collection.

6. As a direct and proximate result of BioLife's fraudulent and negligent conduct, Plaintiff suffered physical and emotional harm, including but not limited to:

    a. Severe migraines requiring medical attention and recovery time;

    b. Dehydration, necessitating Plaintiff to consume additional water to restore bodily fluids;

    c. Hunger and related physical distress caused by the excessive plasma collection process.

7. Plaintiff seeks the following relief from Defendant-B severally:

    a. **Compensatory Damages** in the amount of $1,000,000 for physical harm, pain and suffering, emotional distress, and costs associated with migraines, dehydration, hunger, and related injuries caused by the over-collection of plasma, plus interest at a rate of 5% per month, compounded monthly, from the date of filing the Summons and Complaint until paid in full;

b. **Punitive Damages** in the amount of $1,000,000 to punish BioLife for its
willful, fraudulent, and reckless disregard of federal regulations and to deter
similar misconduct in the future, plus interest at a rate of 5% per month,
compounded monthly, from the date of filing the Summons and Complaint until
paid in full;

c. **Nominal Damages** in the amount of $100,000 to acknowledge the violation of
Plaintiff's rights and the indignity of suffering migraines, dehydration, and
hunger, requiring Plaintiff to take measures to rebound from the harm caused,
plus interest at a rate of 5% per month, compounded monthly, from the date of
filing the Summons and Complaint until paid in full;

d. Costs, attorney's fees, and such other relief as the Court deems just and proper.

## COUNT I

### Fraudulent Noncompliance and Negligence in Violation of 21 C.F.R. § 640.63 by Defendant-C

1. Plaintiff alleges that Defendant-C knowingly and fraudulently collected plasma in excess
   of 880 milliliters from Plaintiff on multiple occasions, in violation of Title 21, Code of
   Federal Regulations, Section 640.63.

2. At all relevant times, Defendant-C was aware of the requirements set forth in 21 C.F.R. §
   640.63, which governs the safe collection of plasma and is publicly accessible.

3. On or about January 12, 14, 19, 21, 26, and 28, 2023, and February 2 and 4, 2023, at
   Defendant-C's facility located at G3559 Miller Rd, Flint, MI 48507, between

approximately 9:00 a.m. and 12:00 p.m., Defendant-C collected plasma from Plaintiff in excess of the permitted volume.

4. Plaintiff alleges that Defendant-C engaged in fraudulent conduct by:

      a. Intentionally misrepresenting or concealing the fact that the volume of plasma collected exceeded the limits prescribed by 21 C.F.R. § 640.63;

      b. Knowingly violating federal regulations with the intent to induce Plaintiff to continue donating plasma under false pretenses;

      c. Causing Plaintiff to reasonably rely on Defendant-C's apparent compliance with federal regulations, to Plaintiff's detriment.

5. Defendant-C owed Plaintiff a duty of care to collect plasma in accordance with federal regulations and industry standards to ensure Plaintiff's safety. Defendant-C breached this duty by:

      a. Negligently collecting plasma in excess of 880 milliliters;

      b. Failing to implement adequate safeguards to prevent over-collection;

      c. Failing to inform Plaintiff of the risks associated with over-collection.

6.  As a direct and proximate result of Defendant-C's fraudulent and negligent conduct, Plaintiff suffered physical and emotional harm, including but not limited to:

    a. Severe migraines requiring medical attention and recovery time;

    b. Dehydration, necessitating Plaintiff to consume additional water to restore bodily fluids;

    c. Hunger and related physical distress caused by the excessive plasma collection process.

7.  Plaintiff seeks the following relief from Defendant-C  severally:

    a. **Compensatory Damages** in the amount of $1,000,000 for physical harm, pain and suffering, emotional distress, and costs associated with migraines, dehydration, hunger, and related injuries caused by the over-collection of plasma, plus interest at a rate of 5% per month, compounded monthly, from the date of filing the Summons and Complaint until paid in full;

    b. **Punitive Damages** in the amount of $1,000,000 to punish BioLife for its willful, fraudulent, and reckless disregard of federal regulations and to deter similar misconduct in the future, plus interest at a rate of 5% per month, compounded monthly, from the date of filing the Summons and Complaint until paid in full;

    c. **Nominal Damages** in the amount of $100,000 to acknowledge the violation of Plaintiff's rights and the indignity of suffering migraines, dehydration, and

hunger, requiring Plaintiff to take measures to rebound from the harm caused,

plus interest at a rate of 5% per month, compounded monthly, from the date of

filing the Summons and Complaint until paid in full;

d. Costs, attorney's fees, and such other relief as the Court deems just and proper.

## IV. RELIEF

Plaintiff seeks the following relief from Defendant-A severally:

a. **Compensatory Damages** in the amount of $1,000,000 for physical harm, pain

and suffering, emotional distress, and costs associated with migraines,

dehydration, hunger, and related injuries caused by the over-collection of plasma,

plus interest at a rate of 5% per month, compounded monthly, from the date of

filing the Summons and Complaint until paid in full;

b. **Punitive Damages** in the amount of $1,000,000 to punish BioLife for its

willful, fraudulent, and reckless disregard of federal regulations and to deter

similar misconduct in the future, plus interest at a rate of 5% per month,

compounded monthly, from the date of filing the Summons and Complaint until

paid in full;

c. **Nominal Damages** in the amount of $100,000 to acknowledge the violation of

Plaintiff's rights and the indignity of suffering migraines, dehydration, and

hunger, requiring Plaintiff to take measures to rebound from the harm caused,

plus interest at a rate of 5% per month, compounded monthly, from the date of

filing the Summons and Complaint until paid in full;

d. Costs, attorney's fees, and such other relief as the Court deems just and proper.

and,

Plaintiff seeks the following relief from Defendant-B severally:

a. **Compensatory Damages** in the amount of $1,000,000 for physical harm, pain and suffering, emotional distress, and costs associated with migraines, dehydration, hunger, and related injuries caused by the over-collection of plasma, plus interest at a rate of 5% per month, compounded monthly, from the date of filing the Summons and Complaint until paid in full;

b. **Punitive Damages** in the amount of $1,000,000 to punish BioLife for its willful, fraudulent, and reckless disregard of federal regulations and to deter similar misconduct in the future, plus interest at a rate of 5% per month, compounded monthly, from the date of filing the Summons and Complaint until paid in full;

c. **Nominal Damages** in the amount of $100,000 to acknowledge the violation of Plaintiff's rights and the indignity of suffering migraines, dehydration, and hunger, requiring Plaintiff to take measures to rebound from the harm caused, plus interest at a rate of 5% per month, compounded monthly, from the date of filing the Summons and Complaint until paid in full;

d. Costs, attorney's fees, and such other relief as the Court deems just and proper.

and,

Plaintiff seeks the following relief from Defendant-C severally:

    a. **Compensatory Damages** in the amount of $1,000,000 for physical harm, pain and suffering, emotional distress, and costs associated with migraines, dehydration, hunger, and related injuries caused by the over-collection of plasma, plus interest at a rate of 5% per month, compounded monthly, from the date of filing the Summons and Complaint until paid in full;

    b. **Punitive Damages** in the amount of $1,000,000 to punish BioLife for its willful, fraudulent, and reckless disregard of federal regulations and to deter similar misconduct in the future, plus interest at a rate of 5% per month, compounded monthly, from the date of filing the Summons and Complaint until paid in full;

    c. **Nominal Damages** in the amount of $100,000 to acknowledge the violation of Plaintiff's rights and the indignity of suffering migraines, dehydration, and hunger, requiring Plaintiff to take measures to rebound from the harm caused, plus interest at a rate of 5% per month, compounded monthly, from the date of filing the Summons and Complaint until paid in full;

    d. Costs, attorney's fees, and such other relief as the Court deems just and proper.

**Plain Statement of Facts**

I declare that the statements above are true to the best of my information, knowledge, and belief.

Patrick-Joseph: Groulx
2070 Houlihan Road
Saginaw Michigan
989 860-2550
mr.288074@yahoo.com

4-14-2025
Date

**JURAT**

SAGINAW COUNTY          )
                       )
MICHIGAN STATE          )

Subscribed and affirmed before me this ___14th___ day for the ___April___ month in the year of our Primal Creator, Two Thousand and Twenty-Five (2025), A.D.

Notary

1115 S washington Ave                                    Seal
Address of notary

7-30-28
My notary expires

HOWARD EAGLE
Notary Public - State of Michigan
County of Saginaw
My Commission Expires Jul 30, 2028
Acting in the County of Saginaw

**STATE OF MICHIGAN**
**10TH JUDICIAL CIRCUIT COURT**
**IN THE COUNTY OF SAGINAW**

| | | |
|---|---|---|
| PATRICK JOSEPH GROULX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 25-850-CZ |
| | ) | |
| TAKEDA PHARMACEUTICAL COMPANY, | ) | |
| a Foreign Corporation, BAXTER | ) | |
| HEALTHCARE CORPORATION, | ) | |
| a Foreign Corporation, and BIOLIFE PLASMA | ) | |
| SERVICES LP, a Foreign Limited Partnership, | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF FILING**

To:        Patrick Joseph Groulx
           *Pro Se Plaintiff*
           2070 Houlihan Rd.
           Saginaw, Michigan 48601
           (989) 860-2550
           Mr.288074@yahoo.com

Please take notice that on June 4, 2025 we have filed with the Clerk of the Court for the United States District Court for the Eastern District of Michigan, a *Notice of Removal* on behalf of Defendants TAKEDA PHARMACEUTICAL COMPANY LIMITED (incorrectly named as TAKEDA PHARMACEUTICAL COMPANY); BAXALTA US INC. (incorrectly named as BAXTER HEALTHCARE CORPORATION); and BIOLIFE PLASMA SERVICES LP, a copy of which is hereby served upon you.

Respectfully submitted,

/s/ *Phillip G. Litchfield*
One of the Attorneys for Defendants

Phillip G. Litchfield (P86929)
Zachary G. Stillman (P87670)
**LITCHFIELD, CAVO, LLP**
303 West Madison, Suite 300
Chicago, IL 60606
(312) 781-6584 (Litchfield)
(312) 781-6672 (Stillman)

**EXHIBIT 2**

LitchfieldP@LitchfieldCavo.com
Stillman@litchfieldcavo.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 4, 2025, the foregoing Notice of Filing and Notice of Removal were placed in the United States Mail to the 10th Judicial Circuit Court of Saginaw, Michigan, and were served by email and United States Mail to the following party:

Patrick Joseph Groulx
*Pro Se Plaintiff*
2070 Houlihan Rd.
Saginaw, Michigan 48601
(989) 860-2550
Mr.288074@yahoo.com

/s/ *Phillip G. Litchfield*
One of the Attorneys for Defendants