**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| PATRICK JOSEPH GROULX, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TAKEDA PHARMACEUTICAL COMPANY, ) <br> a Foreign Corporation, BAXTER ) <br> HEALTHCARE CORPORATION, ) <br> a Foreign Corporation, and BIOLIFE PLASMA ) <br> SERVICES LP, a Foreign Limited Partnership, ) <br> ) <br> Defendants. ) | Case No: 25-cv-11667-TLL-PTM <br><br> Hon. Thomas L. Ludington |

**DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**

Defendants TAKEDA PHARMACEUTICAL COMPANY LIMITED (incorrectly named as TAKEDA PHARMACEUTICAL COMPANY) ("Takeda"); BAXALTA US INC. (incorrectly named as BAXTER HEALTHCARE CORPORATION) ("Baxalta"); and BIOLIFE PLASMA SERVICES LP ("BioLife") (collectively "Defendants"), by and through their attorneys, Litchfield Cavo LLP, pursuant to Federal Rule of Civil Procedure 12(b)(6), for their Motion to Dismiss Plaintiff's Complaint, state as follows:

**INTRODUCTION**

Plaintiff Patrick Joseph Groulx initially filed this action on April 25, 2025, in the 10th Judicial Circuit Court for the County of Saginaw, under case number 25-850-CZ. Plaintiff's Complaint asserts claims against each Defendant sounding in "fraudulent noncompliance and negligence in violation of 21 C.F.R. § 640.63," and alleging that Defendants fraudulently and negligently extracted more than 880 milliliters of plasma from him on eight occasions in early 2023. Plaintiff seeks over $9.9 million in damages.

Defendants timely removed the action to this Court on the basis of diversity jurisdiction on June 4, 2025.

Notably, this lawsuit is not new. Plaintiff previously filed an essentially identical complaint in this Court, in the matter of *Groulx v. Takeda Pharmaceutical Co., et al.*, Case No. 1:24-cv-12000, asserting the same claims based on the same alleged conduct against the same exact defendants. That case was dismissed with prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) and the dismissal was affirmed over Plaintiff's objections. Judge Thomas Ludington ultimately enjoined Plaintiff from filing any further lawsuits in the Eastern District of Michigan without prior leave of court—required to assess the frivolity of any proposed claims—due to Plaintiff's extensive litigation history.

Here, because Plaintiff's claims are barred by the doctrine of *res judicata*, as well as because his complaint *again* fails to allege any cognizable injury or viable cause of action, this case should be dismissed in its entirety under Rule 12(b)(6).

## **LEGAL STANDARD**

A Complaint is subject to dismissal under Rule 12(b)(6) where it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In evaluating such a motion, courts "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ashh, Inc. v. All About It, LLC*, 475 F. Supp. 3d 676, 678 (E.D. Mich. 2020) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)) (internal quotations omitted). However, courts disregard legal conclusions and consider only well-pleaded factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal is appropriate where the plaintiff fails to plead "sufficient factual allegations that make the asserted claim plausible on its face." *Ashh, Inc.*, 475 F. Supp. 3d at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Rule 8 demands more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted).

In ruling on a 12(b)(6) motion, the court may take consideration of the plaintiff's complaint itself, as well as "(1) documents that are referenced in the plaintiff's complaint and that are central to plaintiff's claims, (2) matters of which a court may take judicial notice (3) documents that are a matter of public record, and (4) letters that constitute decisions of a governmental agency." *Webasto Thermo & Comfort N. Am. Inc. v. Bestop, Inc.*, 326 F. Supp. 3d 521, 527 (E.D. Mich. 2018) (internal citations omitted). This includes records of prior court proceedings. *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816 (6th Cir. 2010) (citing *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008)).

Although pro se pleadings are construed liberally and held to a "less stringent standard" than those drafted by licensed attorneys, *Tesley v. Martin*, No. 18-1158, 2019 WL 11003420, *3 (6th Cir. Apr. 1, 2019) (citing *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)), "pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure" and the basic pleading requirements. *Id.* (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## ARGUMENT

Plaintiff's claims are barred as a matter of law. This action is indistinguishable from a prior lawsuit filed in the Eastern District of Michigan, which was dismissed with prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). See *Groulx v. Takeda Pharmaceutical Co., et al.*, No. 1:24-cv-12000 (E.D. Mich.), ECF Nos. 1, 6, 8. As such, the doctrine of *res judicata* squarely applies and compels dismissal of the instant case. Even if *res judicata* did not apply, the Complaint still fails to allege any cognizable legal theory or actual injury to the Plaintiff, and should be dismissed for failure to state a claim.

I. **Plaintiff's Claims are Barred by *Res Judicata*.**

This lawsuit is an almost verbatim retread of claims Plaintiff previously brought in *Groulx v. Takeda Pharmaceutical Co., et al.*, No. 1:24-cv-12000 (E.D. Mich.), arising from the same alleged conduct and asserting the same legal theories against the same defendants. That case was dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim, as outlined in this Court's formal Report and Recommendation, (*Groulx v. Takeda Pharmaceutical Co., et al.*, 24-cv-12000, ECF No. 6), and the dismissal was then affirmed over Plaintiff's objections. *Id.* at ECF No. 8. Under federal *res judicata* principles, that judgment precludes this action. All elements—final judgment on the merits, identity of parties, and identity of claims—are plainly satisfied.

Under the doctrine of *res judicata* a claim is barred by past litigation when the following elements are present:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997).

Under 28 U.S.C. § 1915(e)(2)(B), "the Court must summarily dismiss an *in forma pauperis* complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted." *Lee v. Paul LNU*, No. 2:17-cv-12231, 2017 WL 3143754, *1 (E.D. Mich. Jul. 25, 2017) (citing 28 U.S.C. § 1915(e)(2)(B)). Dismissals for failure to state a claim ordered by the Court pursuant to an *in forma pauperis* review under § 1915(e)(2)(B) are considered final judgments on the merits of the case such that *res judicata* applies. See *Coleman v. Frazee*, No. 24-11465, 2024 WL 4828724, *2 (E.D. Mich. Nov. 19, 2024) (dismissing *in forma pauperis* complaint under § 1915(e)(2)(B) pursuant to *res judicata* after finding claims identical to another complaint also

4

dismissed by the court under § 1915(e)(2)(B)); *Butts v. Wilkinson*, 145 F.3d 1330 (6th Cir. 1998) (unpublished table decision) (upholding dismissal of prisoner civil rights complaint based upon *res judicata*); see also *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398 (1981) (where claims asserted were previously raised and addressed in a prior case, the doctrine of *res judicata* prevents re-litigation of such matters).

    Here, as stated, Plaintiff's prior complaint filed with this Court is substantively identical to the complaint filed with the 10th Judicial Circuit, and removed by Defendants herein. Beyond small stylistic differences, jurisdictional and venue language, a plea for injunctive relief no longer present in the state court complaint, and a reduced amount requested in damages on the state court complaint, Plaintiff's claims are identical to one another, and are against the same parties. In light of the final judgment on the merits entered by this Court, *res judicata* should apply.

    **A.** ***The Prior Case Ended in a Final Judgment on the Merits***

    As discussed, in Plaintiff's prior case, *Groulx v. Takeda Pharmaceutical Co., et al.*, No. 1:24-cv-12000 (E.D. Mich.), he sought *in forma pauperis* status for the waiver of filing fees on his claims. Notably, Plaintiff is no stranger to filing applications for *in forma pauperis* status in his many cases, which have been dismissed by this Court. See *Groulx v. People's Republic of China*, 647 F. Supp. 3d 563, 565 (E.D. Mich. 2022) (citing *Groulx v. Crop Prod. Servs.*, No. 1:19-CV-12560, 2020 WL 5939189, at *4 (E.D. Mich. Oct. 7, 2020); *Groulx v. Zawadski*, No. 1:22-CV-12294, 2022 WL 9446546, at *3 (E.D. Mich. Oct. 14, 2022); *Groulx v. People's Republic of China*, No. 22-11369, 2022 WL 17291405, at *4 (E.D. Mich. Nov. 28, 2022); *Groulx v. Dollar Gen. Corp.*, No. 1:22-CV-12297 (E.D. Mich. Nov. 17, 2022), ECF No. 6; *Groulx v. Saginaw Cnty. Rd. Comm'n*, No. 1:22-CV-12049, 2022 WL 7055158, at *1 (E.D. Mich. Oct. 12, 2022); *Groulx v. Dollar Gen. Corp.*, No. 1:22-CV-12050 (E.D. Mich. Sept. 13, 2022), ECF No. 5; *Groulx v. Dollar Gen. Corp.*, No. 1:21-CV-10811, 2021 WL 2258732, at *2 (E.D. Mich. June 3, 2021)).

As a result of his seeking *in forma pauperis* status, this Court performed a review of his claims pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2), ultimately determining in a formal Report and Recommendation that Plaintiff had failed to state a claim upon which relief could be granted, and dismissing the matter with prejudice under 28 U.S.C. § 1915(e)(2). *Groulx v. Takeda Pharmaceutical Co., et al.*, No. 1:24-cv-12000 (E.D. Mich.), ECF No. 6. In the same formal Report and Recommendation, this Court enjoined Plaintiff from any further filings with the Court without leave to check for frivolity in advance. *Id.* Plaintiff then had the opportunity to dispute these findings in his filed formal objections, (*Id.* at ECF No. 7). The Court overruled those objections in its February 6, 2025, Opinion and Order, adopting the Report and Recommendation in part, dismissing the case for frivolity and failure to state a claim under 28 U.S.C. § 1915(e)(2)(B), and formally enjoining Plaintiff from further filings without leave of court. *Id.* at ECF No. 8. Subsequently, a final judgment was entered by the Court. *Id.* at ECF No. 9.

As discussed above, final judgments entered pursuant to dismissals under § 1915(e)(2)(B) quantify as final judgments on the merits of a case. This Court performed an in-depth analysis of Plaintiff's presented claims in the prior case, and determined that he had failed to state a valid claim upon which relief could be granted for a number of reasons, including lack of standing, failure to allege an injury, and a lack of private right of action under the standards promulgated by the Food, Drug, and Cosmetics Act of 1938 ("FDCA"). This was a full analysis and judgment entered on the merits of Plaintiff's claim, and Plaintiff was even afforded the opportunity to file objections to the Court's findings prior to formal adoption. Stated differently, he had a full opportunity to litigate the matter.

Accordingly, for the purposes of application of *res judicata*, the prior case ended with a final judgment on the merits.

6

### B. *This Case Involves the Same Parties*

Plaintiff's prior case was also against the same parties. The named defendants in the prior matter were Takeda Pharmaceutical Company, Baxter Healthcare Corporation, and BioLife Plasma Services LP. *Groulx v. Takeda Pharmaceutical Co., et al.*, No. 1:24-cv-12000 (E.D. Mich.), ECF No. 1. Plaintiff names the same defendants herein in his complaint, as filed initially with the 10th Judicial Circuit. See Exhibit 1 to Defendants' Notice of Removal, ECF No. 1 at pp. 6-23.

Accordingly, these cases involve the exact same parties as required for the purposes of application of *res judicata*.

### C. *This Case Involves the Same Cause of Action*

Both matters also involve the exact same causes of action. While there are no clear legally distinct and valid causes of action alleged by Plaintiff in both cases, his counts sound in negligence, fraud, and violation of 21 C.F.R. § 640.63. In both complaints, he brings three identical counts against each named defendant, each alleging that on eight occasions between January 17 and March 3, 2023, the defendants negligently and fraudulently collected plasma from him in excess of the regulatory limit set forth in 21 C.F.R. § 640.63, resulting in alleged physical and emotional harms. Ex. 1 to Defs' Notice of Removal; *Groulx v. Takeda Pharmaceutical Co., et al.*, No. 1:24-cv-12000 (E.D. Mich.), ECF No. 1.

The alleged conduct, underlying facts, and Plaintiff's asserted injuries are identical across both actions. "Suits involve the same claim (or 'cause of action') when they arise from the same transaction, or involve a common nucleus of operative facts." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Group, Inc.*, 590 U.S. 405, 412 (2020) (internal quotations and citations omitted). Because Plaintiff's current claims arise from the same alleged plasma donations, target the same defendants, and seek relief based on the same purported injuries, they are barred by *res judicata*.

7

### D. *Policy Considerations Favor Dismissal*

The doctrine of *res judicata* is not merely a technical rule—it reflects foundational policy interests in judicial economy, finality, and protection against abusive litigation. Courts are not obliged to re-litigate claims that have already been addressed simply because a plaintiff rewrites the caption or alters the prayer for relief. These interests are especially pressing where, as here, a litigant has demonstrated a pattern of meritless filings.

As the Court noted in dismissing Plaintiff's prior federal case:

> Plaintiff has filed 14 lawsuits in this Judicial District since 2019, eight of which were filed in 2024 alone. None have succeeded on the merits. Of these fourteen cases, one remains pending, one was dismissed on the merits, one was dismissed for failure to prosecute, one was dismissed under the PLRA's three-strikes rule, and the remaining nine were dismissed for frivolity or failure to state a claim. Although nothing suggests Plaintiff initiated these cases in bad faith or to harass any opposing party, these cases have caused opposing parties to incur considerable expenses and have distracted multiple judges and staff members across this District from other matters.

*Groulx v. Takeda Pharmaceutical Co., et al.*, No. 1:24-cv-12000 (E.D. Mich.), ECF No. 8 at p. 11-12.

Judicial efficiency, finality, and protection from vexatious litigation all weigh heavily in favor of dismissal. Therefore, even apart from the legal bars discussed above, this case should be dismissed to preserve the integrity and function of the federal courts.

## II.   If Plaintiff's Claims are not Barred, Plaintiff Still Fails to State a Claim.

Even if this matter were not barred by *res judicata*, Plaintiff's Complaint would still warrant dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The allegations in the Complaint are substantively identical to those dismissed by the Eastern District of Michigan just months ago in *Groulx v. Takeda Pharmaceutical Co., et al.*, No. 1:24-cv-12000 (E.D. Mich.). In that case, the Court found that Plaintiff lacked standing, failed to allege any cognizable injury, and attempted to assert causes of action under a regulatory framework that

8

does not permit private enforcement. Many of those same legal deficiencies pervade this new filing. Plaintiff's pleadings amount to speculative grievances and generalized regulatory complaints—not actionable claims under federal or state law.

### A. *There is No Private Right of Action under FDCA*

Plaintiff's claims rest almost entirely on the assertion that Defendants violated 21 C.F.R. § 640.63 by collecting more than 880 mL of plasma from him during donations. However, this regulation is part of the FDCA, which does not permit private individuals to enforce its provisions. *Groulx v. Takeda Pharmaceutical Co., et al.*, No. 1:24-cv-12000 (E.D. Mich.), ECF No. 6 at p. 5 (citing *Bailey v. Johnson*, 48 F.3d 965, 966-68 (6th Cir. 1995); *accord Schering-Plough Healthcare Prods. v. Schwarz Pharma., Inc.*, 586 F.3d 500, 509 (7th Cir. 2009); *Bowling v. Johnson & Johnson*, 65 F. Supp. 3d 371, 376-77 & n.35 (S.D.N.Y. 2014)).

The statutory scheme vests exclusive enforcement authority with the U.S. Food and Drug Administration. *See* 21 U.S.C. § 337(a) ("[A]ll such proceedings for the enforcement, or to restrain violations, of this chapter shall be by and in the name of the United States."); see also 21 U.S.C. § 335b. Accordingly, to the extent Plaintiff seeks to base his claims on alleged violations of federal regulations governing plasma collection, those claims fail as a matter of law.

Plaintiff cannot recast regulatory grievances as tort claims simply by invoking the words "fraud" or "negligence." Courts routinely reject such efforts when the underlying right is not privately enforceable. See *Bailey*, 48 F.3d at 966 (affirming dismissal where plaintiff "attempted to assert a private cause of action under the FDCA").

Accordingly, Plaintiff's claims premised on violations of these regulations fail as a matter of law.

## **CONCLUSION**

Plaintiff has already asserted these same claims, based on the same alleged facts, and against the same defendants, in *Groulx v. Takeda Pharmaceutical Co.*, No. 1:24-cv-12000 (E.D. Mich.). That case was dismissed with prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). Under well-settled principles of *res judicata*, this action is barred.

Even if it were not, the Complaint still fails to state a claim. Plaintiff lacks standing and seeks to privately enforce federal regulations that do not provide a private right of action.

For the aforementioned reasons, Defendants respectfully request that the Court dismiss the Complaint in its entirety, with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants respectfully request that Plaintiff's Complaint be dismissed, with prejudice, and for any further relief that this Court deems reasonable and just.

Respectfully submitted,

/s/ *Phillip G. Litchfield*
One of the Attorneys for Defendants

Phillip G. Litchfield (P86929)
Zachary G. Stillman (P87670)
**LITCHFIELD, CAVO, LLP**
303 West Madison, Suite 300
Chicago, IL 60606
(312) 781-6584 (Litchfield)
(312) 781-6672 (Stillman)
LitchfieldP@LitchfieldCavo.com
Stillman@litchfieldcavo.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 10, 2025, the foregoing Motion to Dismiss was served via email to the following party, and electronically filed with the CM/ECF system.

        Patrick Joseph Groulx
        *Pro Se Plaintiff*
        2070 Houlihan Rd.
        Saginaw, Michigan 48601
        (989) 860-2550
        Mr.288074@yahoo.com


        /s/ *Phillip G. Litchfield*
        One of the Attorneys for Defendants