## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

**Patrick-Joseph: Groulx**                                    **Case No. 2:25-cv-11667**

Plaintiff/Prosecutor                        United States District Judge, Thomas L. Ludington
                                            United States Magistrate Judge, Patricia T. Morris
v.

**Takeda Pharmaceutical Company**,

**Baxter Healthcare Corporation**,

and

**BioLife Plasma Services LP**,

DEFENDANTS
_____/

### MOTION BY LEAVE OF THE COURT TO AMEND COMPLAINT

Plaintiff Patrick-Joseph: Groulx, pro se, pursuant to Federal Rule of Civil

Procedure 15(a)(2), respectfully moves this Court for leave to amend his

Complaint to address deficiencies, conform to federal pleading standards, and add

a claim for civil theft. The grounds and relief sought are as follows:

GROUNDS FOR AMENDMENT

1. Notice of Removal: On June 4, 2025, Defendants filed a Notice of Removal,

   transferring this action from the 10th Judicial Circuit Court in Saginaw

   County, Michigan, to the United States District Court for the Eastern District

   of Michigan (Case No. 2:25-cv-11667). The original Complaint, filed in

   state court, does not fully comply with federal pleading requirements under

Federal Rule of Civil Procedure 8(a), necessitating amendment to provide a clear and concise statement of claims, including who, what, where, when, why, and how the alleged wrongs occurred.

2. Federal Pleading Standards: The original Complaint contains procedural terms (e.g., restrictions on Defendants' ability to file motions to dismiss or sanctions) that are inconsistent with federal practice. Amendment is required to remove these terms and ensure the Complaint articulates a short and plain statement of the claims showing Plaintiff is entitled to relief, as required by Fed. R. Civ. P. 8(a).

3. Addition of Civil Theft Claim: Plaintiff seeks to add a claim for civil theft under Michigan law, alleging Defendants intentionally and wrongfully took Plaintiff's plasma (a valuable biological property) without compensation or consent to volumes exceeding federal limits, causing harm. This claim arises from the same transactions and occurrences as the original claims and is supported by facts already pleaded, including Defendants' alleged over-collection of plasma on multiple dates in January and February 2023.

4. Jury Trial Demand: Plaintiff seeks to explicitly invoke his right to a jury trial under the 7th Amendment to the United States Constitution and Fed. R. Civ. P. 38, ensuring the amended Complaint clearly demands a jury trial for all triable issues, replacing the state-specific jury demand.

5.  Cure Deficiencies and Clarify Allegations: The original Complaint lacks specificity in some areas, such as detailed descriptions of the fraudulent misrepresentations and the causal link between Defendants' actions and Plaintiff's injuries. The amended Complaint will clarify these elements, specifying the "who, what, where, when, why, and how" of the claims, including the roles of Defendants Takeda Pharmaceutical Company, Baxter Healthcare Corporation, and BioLife Plasma Services LP in the alleged misconduct and change 2 of the names of the defendants "Takeda Pharmaceutical Company" will be known as "Takeda Pharmaceutical Company Limited" and "Baxter Healthcare Corporation" will be known as "Baxalta US Inc."

6.  Liberal Amendment Policy: Fed. R. Civ. P. 15(a)(2) encourages courts to grant leave to amend freely when justice so requires. Amendment will promote judicial economy by allowing Plaintiff to present all claims arising from the same events in a single, cohesive pleading, avoiding piecemeal litigation. Defendants will not be prejudiced, as discovery has not commenced, and the amendment does not introduce unrelated claims.

RELIEF SOUGHT

Plaintiff respectfully requests the following relief:

1.  Leave to file an Amended Complaint, in the form attached as Exhibit A, to:
    a. Conform the Complaint to federal pleading standards under Fed. R. Civ.
    P. 8(a); b. Remove state-specific procedural terms inconsistent with federal
    practice; c. Add a claim for civil theft under Michigan law; d. Include a jury
    trial demand pursuant to the 7th Amendment and Fed. R. Civ. P. 38; e.
    Clarify the who, what, where, when, why, and how of the claims against
    Defendants.

2.  Such other and further relief as the Court deems just and proper.

BRIEF IN SUPPORT OF MOTION TO AMEND COMPLAINT

INTRODUCTION

Plaintiff Patrick-Joseph: Groulx, pro se, moves to amend his Complaint pursuant to
Federal Rule of Civil Procedure 15(a)(2) following Defendants' Notice of
Removal on June 4, 2025, from the 10th Judicial Circuit Court in Saginaw County,
Michigan, to this Court. The amendment is necessary to conform the Complaint to
federal pleading standards, add a civil theft claim, clarify factual allegations, and

demand a jury trial under the 7th Amendment. This brief outlines the legal standards, argument, and conclusion supporting the motion.

LEGAL STANDARDS

1. Federal Rule of Civil Procedure 15(a)(2): Rule 15(a)(2) provides that a court "should freely give leave [to amend] when justice so requires." The Supreme Court has emphasized a liberal approach to amendments, stating that leave should be granted absent undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962).

2. Federal Pleading Requirements: Fed. R. Civ. P. 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must provide sufficient factual detail to give defendants fair notice of the claims and grounds upon which they rest. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). For fraud claims, Fed. R. Civ. P. 9(b) requires particularity in alleging the circumstances constituting fraud, including the who, what, when, where, and how of the misconduct.

3. Jury Trial Demand: The 7th Amendment to the United States Constitution guarantees the right to a jury trial in civil cases at common law where the

value in controversy exceeds twenty dollars. Fed. R. Civ. P. 38(b) allows a

party to demand a jury trial by serving a written demand within 14 days after

the last pleading directed to the issue is served. A timely jury demand

preserves this constitutional right. Curtis v. Loether, 415 U.S. 189, 192-93

(1974).

4. Civil Theft Under Michigan Law: Michigan recognizes civil theft under the

conversion statute, MCL 600.2919a, which allows recovery for damages

caused by another's wrongful taking or conversion of property. To state a

claim, a plaintiff must allege (1) ownership or right to possession of

property, (2) defendant's wrongful exercise of dominion over that property,

and (3) damages. Dep't of Agric. v. Appletree Mktg., LLC, 485 Mich. 1, 13-

14 (2010).

ARGUMENT

A. Amendment is Necessary to Address Removal and Conform to Federal
Standards

On June 4, 2025, Defendants filed a Notice of Removal, transferring this case from

the 10th Judicial Circuit Court in Saginaw County to this Court (Case No. 2:25-cv-

11667). The original Complaint, drafted for state court, includes procedural terms

(e.g., prohibiting Defendants from filing motions to dismiss or sanctions) that are

incompatible with federal practice under the Federal Rules of Civil Procedure. See
Fed. R. Civ. P. 12(b) (allowing motions to dismiss); Fed. R. Civ. P. 11 (permitting
sanctions). These terms must be removed to align with federal law.

Additionally, the Complaint requires clarification to meet Fed. R. Civ. P. 8(a) and
9(b). The amended Complaint will specify the "who, what, where, when, why, and
how" of the claims, including:

1. Who: Defendants Takeda Pharmaceutical Company corrected as Takeda
   Pharmaceutical Company Limited, Baxter Healthcare Corporation corrected
   as Baxalta US Inc, and BioLife Plasma Services LP, with BioLife as the
   direct operator of the Flint, MI facility.

2. What: Fraudulent and negligent over-collection of plasma exceeding 880
   milliliters, in violation of 21 C.F.R. § 640.63, and civil theft of Plaintiff's
   plasma.

3. Where: BioLife's facility at G3559 Miller Rd, Flint, MI 48507.

4. When: January 12, 14, 19, 21, 26, 28, and February 2, 4, 2023, between 9:00
   a.m. and 12:00 p.m.

5. Why: Defendants acted to maximize plasma collection for profit,
   disregarding federal regulations and Plaintiff's safety.

6. How: Defendants misrepresented compliance with federal limits, failed to disclose risks, and took plasma without compensation, causing harm (migraines, dehydration, hunger).

This clarification ensures Defendants have fair notice of the claims, satisfying Twombly, 550 U.S. at 555, and meets the particularity requirements for fraud under Rule 9(b).

B. Addition of Civil Theft Claim is Warranted

Plaintiff seeks to add a claim for civil theft under MCL 600.2919a, alleging Defendants wrongfully took his plasma—a valuable biological property—without compensation or consent to volumes exceeding 880 milliliters. Plasma constitutes property under Michigan law, as it has economic value and is subject to ownership rights. See Green v. Am. Red Cross, 322 N.W.2d 162, 164 (Mich. Ct. App. 1982) (recognizing blood as property for certain legal purposes). Defendants' alleged over-collection on eight dates in 2023, without payment and in violation of federal limits, constitutes wrongful dominion over Plaintiff's property, causing damages (physical harm and emotional distress). This claim arises from the same transactions as the original claims, ensuring no prejudice to Defendants, and is supported by existing factual allegations.

C. Jury Trial Demand Under the 7th Amendment

The original Complaint's jury demand cited the Michigan Constitution. The amended Complaint will invoke the 7th Amendment and Fed. R. Civ. P. 38, ensuring a jury trial for all triable issues, including fraud, negligence, and civil theft, where damages exceed twenty dollars. The 7th Amendment preserves this right in federal court, and Plaintiff's timely demand post-removal complies with Rule 38(b). See Curtis, 415 U.S. at 192-93.

D. Amendment Promotes Justice Without Prejudice

Under Foman, 371 U.S. at 182, leave to amend should be granted absent undue delay, bad faith, or prejudice. Plaintiff promptly seeks amendment following removal on June 4, 2025, with no discovery yet conducted, ensuring no prejudice to Defendants. The amendment streamlines the case by addressing all claims in one pleading, promoting judicial economy. There is no evidence of bad faith or dilatory motive, and this is Plaintiff's first amendment, not a repeated failure to cure deficiencies. The proposed claims are not futile, as they are supported by plausible factual allegations and viable legal theories under federal and Michigan law.

CONCLUSION

Plaintiff's Motion to Amend should be granted under Fed. R. Civ. P. 15(a)(2). The amendment corrects defendants' names, addresses deficiencies post-removal, conforms the Complaint to federal standards, adds a meritorious civil theft claim, and secures a 7th Amendment jury trial. Justice requires allowing Plaintiff to present a clear, cohesive pleading, and Defendants will not be prejudiced. Plaintiff respectfully requests leave to file the Amended Complaint and such other relief as the Court deems proper.

Respectively submitted by:

/s/ Patrick-Joseph: Groulx                              Date: June 9, 2025
Patrick-Joseph: Groulx
2070 Houlihan Road
Saginaw Michigan [48601]
989 860-2550
mr.288074@yahoo.com

# EXHIBIT A

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN

Patrick-Joseph: Groulx                                          Case No. 2:25-cv-11667

Plaintiff/Prosecutor                        United States District Judge, Thomas L. Ludington
                                            United States Magistrate Judge, Patricia T. Morris
v.

Takeda Pharmaceutical Company Limited,      JURY TRIAL IS DEMANDED
                                            PURSUANT TO THE 7TH AMENDMENT
Baxalta US Inc.

and

BioLife Plasma Services LP,

DEFENDANTS
_____/

## AMENDED COMPLAINT AND JURY TRIAL DEMANDED

Plaintiff Patrick-Joseph: Groulx, pro se, files this Amended Complaint against

Defendants Takeda Pharmaceutical Company Limited, Baxalta US Inc., and

BioLife Plasma Services LP, pursuant to Federal Rules of Civil Procedure 8(a) and

9(b), alleging fraud, negligence, and civil theft. Plaintiff demands a jury trial under

the 7th Amendment to the United States Constitution and Fed. R. Civ. P. 38.

I.  PARTIES

A. Plaintiff Patrick-Joseph: Groulx is an individual residing at 2070

Houlihan Road, Saginaw, MI 48601. Contact: (989) 860-2550,

mr.288074@yahoo.com.

B.  Defendant Takeda Pharmaceutical Company Limited is a Delaware
    corporation with a principal place of business at 75 Sidney Street,
    Cambridge, MA 02139. Its registered agent is Corporation Service
    Company, 40600 Ann Arbor Road E, Ste. 201, Plymouth, MI 48170.
    Takeda is the parent or affiliate of BioLife Plasma Services LP.

C.  Defendant BAXALTA US INC is a Delaware corporation with a
    principal place of business at 1 Baxter Parkway, Deerfield, IL 60015. Its
    registered agent is Corporation Service Company, 40600 Ann Arbor
    Road E, Ste. 201, Plymouth, MI 48170. Baxalta is the parent or affiliate
    of BioLife Plasma Services LP.

D.  Defendant BioLife Plasma Services LP is a Delaware limited partnership
    with a principal place of business at 1200 Lakeside Dr, Deerfield, IL
    60015. Its registered agent is Corporation Service Company, 40600 Ann
    Arbor Road E, Ste. 201, Plymouth, MI 48170. BioLife operates a plasma
    collection facility at G3559 Miller Rd, Flint, MI 48507.

## II. JURISDICTION AND VENUE

A. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a), as the parties are citizens of different states (Plaintiff: Michigan; Defendants: Delaware/Illinois/Massachusetts), and the amount in controversy exceeds $75,000.

B. Venue is proper under 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claims occurred in this district at BioLife's facility in Flint, Michigan.

## III. FACTUAL ALLEGATIONS

A. Between January 12 and February 4, 2023, Defendant BioLife Plasma Services LP, under the control or supervision of Defendants Takeda and Baxalta, collected plasma from Plaintiff at its facility at G3559 Miller Rd, Flint, MI 48507, on eight occasions: January 12, 14, 19, 21, 26, 28, and February 2, 4, 2023, between approximately 9:00 a.m. and 1:00 p.m. on January 12, 2023 and approximately 9:00 a.m. and 3:00 p.m. on other dates listed

B. On multiple occasions, BioLife collected plasma volumes exceeding the standard of 880 milliliters per donation set by 21 C.F.R. § 640.63 for individuals weighing 175 pounds or more. Evidence includes:

1. Exhibit A (January 14, 2023): Photograph of a medical device display showing volumes of 895 mL and 893 mL.

2. Exhibit B (January 26, 2023): Photograph showing volumes of 896 mL and 894 mL.

3. Exhibit C (January 28, 2023): Photograph showing volumes of 882 mL and 884 mL.

4. Exhibit D (February 2, 2023): Photograph showing volumes of 895 mL and 893 mL.

5. Exhibit E (February 4, 2023): Photograph showing volumes of 896 mL and 894 mL.

C. BioLife did not compensate Plaintiff for these donations, despite representing that donations were part of a compensated program. BioLife concealed the over-collection and failed to disclose health risks, including dehydration, migraines, and hunger, which Plaintiff suffered.

D.  Defendants Takeda and Baxalta, as parents or affiliates, failed to ensure BioLife's adherence to safe plasma collection practices, negligently overseeing its operations and allowing fraudulent practices to harm Plaintiff.

E.  As a result of the over-collection, Plaintiff suffered severe migraines requiring medical attention, dehydration necessitating increased fluid intake, hunger, and emotional distress, with an increased risk of serious injury or death.

## IV.  MORE DEFINITE STATEMENT

A.  Pursuant to Fed. R. Civ. P. 12(e), Plaintiff provides this more definite statement to clarify the claims:

1.  Count I (Fraud and Conspiracy): Plaintiff alleges that Defendants knowingly misrepresented the safety and volume of plasma collections, inducing Plaintiff to donate. BioLife directly performed the over-collections, misrepresenting safety through false consent forms and verbal assurances. Takeda and Baxalta, as parents or affiliates, facilitated the fraud by failing to enforce safe practices and profiting from the excess plasma. All Defendants conspired to maximize profits by over-collecting, causing Plaintiff physical and emotional harm.

2. Count II (Negligence and Conspiracy): Plaintiff alleges that Defendants breached their duty of care by over-collecting plasma and failing to disclose health risks, constituting negligence. The fraudulent misrepresentations and conspiracy are as described in Count I. BioLife's negligent over-collections, enabled by Takeda and Baxalta's lack of oversight, caused Plaintiff's injuries, including migraines, dehydration, and emotional distress.

3. Count III (Civil Theft and Conspiracy): Plaintiff alleges that Defendants committed civil theft under Michigan law (MCL 600.2919a) by intentionally taking excess plasma without informed consent or compensation, converting Plaintiff's biological property for profit. The fraudulent misrepresentations and conspiracy are as described in Count I. BioLife executed the theft, while Takeda and Baxalta facilitated and profited, causing Plaintiff harm.

4.  Clarification of Defendants' Roles: BioLife directly over-collected plasma and made misrepresentations at its Flint facility. Takeda and Baxalta, as controlling entities, failed to implement or enforce safe collection protocols, provided operational oversight that enabled the violations, and profited from the excess plasma through their corporate structures. All Defendants knowingly agreed to the scheme to maximize commercial gain, as evidenced by the systematic over-collections and concealment of violations.

5.  Harms Suffered: Plaintiff suffered severe migraines requiring attention, dehydration, hunger, emotional distress, and an increased risk of serious injury or death due to the over-collections, which were induced by Defendants' fraudulent misrepresentations and enabled by their negligence and theft.

## V. ENTITLEMENT CLAUSE

A. Plaintiff is entitled to the following relief as requested in the Complaint:

1. Compensatory damages in the amount of $1,000,000 per count, per Defendant, for the harm suffered as a result of Defendants' actions.

2. Punitive damages in the amount of $1,000,000 per count, per Defendant, to deter future misconduct by Defendants and others.

3. Nominal damages in the amount of $100,000 per count, per Defendant, to recognize the violation of Plaintiff's rights.

4. Treble damages pursuant to MCL 600.2919a for willful conversion as alleged in Count III, to address the intentional and unlawful conduct of Defendants.

5. Interest at a rate of 5% per month, compounded monthly, on all damages awarded, accruing from the date of filing until fully paid.

6. All costs, reasonable attorney's fees, and such other relief as the Court deems just and equitable under the circumstances.

# VI. CLAIMS FOR RELIEF

## A. COUNT I

**Common Law Fraud and Civil Conspiracy (All Defendants, Jointly and Severally)**

1. Plaintiff incorporates paragraphs 1-12 by reference.

   a. **Parties and Conduct**: Defendants BioLife, Takeda, and Baxalta, through agents at BioLife's facility at G3559 Miller Rd, Flint, MI, on January 12, 14, 19, 21, 26, 28, and February 2, 4, 2023, between approximately 9:00 a.m. and 1:00 p.m. on January 12, 2023 and approximately 9:00 a.m. and 3:00 p.m misrepresented the safety and legality of plasma collections. Employees falsely assured Plaintiff that collections complied with safety standards, such as the 880-milliliter limit in 21 C.F.R. § 640.63, and provided misleading consent forms concealing excessive volumes (Exhibits A, B, C, D, E).

   b. **Intent and Agreement**: Defendants acted with intent to defraud, agreeing to maximize profits by over-collecting plasma and concealing health risks. BioLife directly performed over-collections and made misrepresentations. Takeda and Baxalta, as parent or affiliate entities, enabled the scheme by providing operational

resources, failing to enforce safety protocols, and profiting from excess plasma sales.

c. **Overt Acts**: Defendants' overt acts include BioLife's documented over-collections (Exhibits A, B, C, D, E), false safety assurances, and concealment of violations. Takeda and Baxalta facilitated these acts through inadequate oversight and failure to correct BioLife's practices.

d. **Reliance and Causation**: Plaintiff reasonably relied on Defendants' misrepresentations, believing the process was safe, and would not have donated had the truth been disclosed. The over-collections caused Plaintiff migraines, dehydration, hunger, and emotional distress.

e. **Defendants' Roles**: BioLife executed the fraudulent collections and misrepresentations. Takeda and Baxalta knowingly supported the scheme through operational guidelines and resources, neglecting safety standards, and sharing in the profits from excess plasma.

2. **Relief Sought**

   a. Defendants are jointly and severally liable. Plaintiff seeks:

      i. Compensatory damages of $1,000,000 for physical and emotional harm.

      ii. Punitive damages of $1,000,000 to deter misconduct.

      iii. Nominal damages of $100,000 for rights violations.

      iv. Interest at 5% per month, compounded monthly, from filing until paid.

      v. Costs, attorney's fees, and other just relief.

## B. COUNT II

## Common Law Fraud, Negligence, and Civil Conspiracy (All Defendants, Jointly and Severally)

1. Plaintiff incorporates paragraphs 1–12 by reference.

   a. **Conduct and Misrepresentation (Fraud and Negligence)**:

   Defendants BioLife, Takeda, and Baxalta, through agents at BioLife's Flint facility (G3559 Miller Rd, Flint, MI), on January 12, 14, 19, 21, 26, 28, and February 2, 4, 2023, between approximately 9:00 a.m. and 1:00 p.m. on January 12, 2023 and approximately 9:00 a.m. and 3:00 p.m misrepresented plasma collection safety and compliance with FDA regulations (e.g., 880-milliliter limit per 21 C.F.R. § 640.63).

Agents provided false consent forms and verbal assurances of safety, concealing excessive volumes (Exhibits A, B, C, D, E). Defendants negligently collected excessive plasma, operated with insufficient staffing (causing 3–8-hour donation sessions, with workers abandoning shifts), and failed to provide adequate nutrition or disclose health risks.

b. **Duty and Breach (Negligence)**: Defendants owed a duty to collect plasma safely per industry standards and FDA regulations. They breached this duty through over-collections, understaffing, and inadequate safeguards, neglecting to ensure safe practices.

c. **Knowledge and Intent (Fraud and Conspiracy)**: Defendants knowingly misrepresented safety to induce donations and agreed to prioritize profits through fraudulent and negligent practices, disregarding Plaintiff's safety.

d. **Agreement and Overt Acts (Conspiracy)**: Defendants coordinated to execute over-collections and misrepresentations for profit. BioLife performed over-collections (Exhibits A, B, C, D, E), made false assurances, and understaffed operations. Takeda and Baxalta enabled these acts by providing resources and failing to enforce safety protocols, sharing profits from excess plasma.

    e. **Reliance (Fraud)**: Plaintiff reasonably relied on Defendants' misrepresentations, believing the process was safe, and would not have donated had the truth been disclosed.

    f. **Causation and Damages (Fraud, Negligence, Conspiracy)**: Defendants' fraudulent misrepresentations and negligent practices, enabled by their conspiracy, induced Plaintiff's donations and caused severe migraines requiring attention, dehydration, hunger, and emotional distress. Plaintiff complained to BioLife staff during each donation, leading Plaintiff to cease donating.

2. **Relief Sought**

    a. Defendants are jointly and severally liable. Plaintiff seeks:

      i. Compensatory damages of $1,000,000 for physical and emotional harm.

      ii. Punitive damages of $1,000,000 to deter misconduct.

      iii. Nominal damages of $100,000 for rights violations.

      iv. Interest at 5% per month, compounded monthly, from filing until paid.

      v. Costs, attorney's fees, and other just relief.

## C. COUNT III

## Civil Theft, Common Law Fraud, and Civil Conspiracy (All Defendants, Jointly and Severally)

1. Plaintiff incorporates paragraphs 1–12 by reference.

    a. **Wrongful Taking and Misrepresentation (Civil Theft and Fraud)**: Defendants BioLife, Takeda, and Baxalta, through agents at BioLife's Flint facility (G3559 Miller Rd, Flint, MI), wrongfully collected excessive plasma volumes on January 12, 14, 19, 21, 26, 28, and February 2, 4, 2023, between approximately 9:00 a.m. and 1:00 p.m. on January 12, 2023 and approximately 9:00 a.m. and 3:00 p.m. (Exhibits A, B, C, D, E) from Plaintiff without informed consent or compensation, converting Plaintiff's valuable biological property for commercial use. Agents misrepresented collection safety and compliance with FDA regulations (e.g., 880-milliliter limit per 21 C.F.R. § 640.63), providing false consent forms and verbal assurances that concealed over-collections.

    b. **Ownership and Duty (Civil Theft)**: Plaintiff's plasma is a valuable biological property to which Plaintiff had a possessory right. Defendants owed a duty to collect plasma only with informed consent and within safe limits.

c. **Knowledge and Intent (Fraud and Civil Theft)**: Defendants knowingly misrepresented safety and intentionally over-collected plasma beyond Plaintiff's consent, aiming to maximize profits.

d. **Agreement and Overt Acts (Conspiracy)**: Defendants agreed to wrongfully take Plaintiff's plasma through fraudulent misrepresentations and over-collections for profit. BioLife executed over-collections (Exhibits A, B, C, D, E) and made false assurances. Takeda and Baxalta enabled these acts by providing resources and failing to enforce safety protocols, sharing profits from excess plasma.

e. **Reliance (Fraud)**: Plaintiff reasonably relied on Defendants' misrepresentations, believing the process was safe and compliant, and would not have donated had the truth been disclosed.

f. **Causation and Damages (Civil Theft, Fraud, Conspiracy)**: Defendants' fraudulent misrepresentations and wrongful over-collections, enabled by their conspiracy, induced Plaintiff's donations and caused severe migraines requiring medical attention, dehydration, hunger, and emotional distress.

2. **Relief Sought**

   a. Defendants are jointly and severally liable. Plaintiff seeks:

      i. Compensatory damages of $1,000,000 for physical and emotional harm.

      ii. Punitive damages of $1,000,000 to deter misconduct.

      iii. Nominal damages of $100,000 for rights violations.

      iv. Treble damages under MCL 600.2919a for willful conversion.

      v. Interest at 5% per month, compounded monthly, from filing until paid.

      vi. Costs, attorney's fees, and other just relief.

## VI. RELIEF REQUESTED

A. Plaintiff requests:

1. Compensatory damages of $1,000,000 per count, per Defendant.

2. Punitive damages of $1,000,000 per count, per Defendant.

3. Nominal damages of $100,000 per count, per Defendant.

4. Treble damages under MCL 600.2919a for willful conversion in Count III.

5. Interest at 5% per month, compounded monthly, from filing until paid.

6. Costs, attorney's fees, and other relief as the Court deems just.

Respectfully submitted by:

<u>/s/ Patrick-Joseph: Groulx</u>                                    Date: June 9, 2025
Patrick-Joseph: Groulx
2070 Houlihan Road
Saginaw Michigan [48601]
989 860-2550
mr.288074@yahoo.com