UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**Patrick-Joseph: Groulx**                              Case No. 2:25-cv-11667

Plaintiff/Prosecutor                              United States District Judge, Thomas L. Ludington
                                                  United States Magistrate Judge, Patricia T. Morris

v.

**Takeda Pharmaceutical Company Limited**,

**Baxalta US Inc.**

and

**BioLife Plasma Services LP**,

DEFENDANTS
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

INTRODUCTION

Plaintiff Patrick Joseph Groulx, proceeding pro se, opposes Defendants' Motion to Dismiss (ECF No. 7) filed on June 10, 2025, pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants argue that this case is barred by res judicata due to a prior dismissal in Groulx v. Takeda Pharmaceutical Co., No. 1:24-cv-12000 (E.D. Mich.), and fails to state a claim. Plaintiff contends that res judicata does not apply because:

(1) Defendants' removal from state court under 28 U.S.C. § 1441 negates any bar from prior federal litigation, as Plaintiff filed in state court;

(2) the prior case was dismissed for a procedural issue under 28 U.S.C. § 1915(g) (PLRA three-strikes rule) and/or § 1915(e)(2)(B), which is considered without prejudice, allowing state court refiling;

(3) the current complaint alleges distinct tort claims (negligence, fraud, and civil theft) under Michigan law, as recognized by the magistrate judge;

(4) the prior case was not fully litigated; and

(5) Plaintiff has standing and alleges cognizable injuries, with claims grounded in tort, not federal regulatory violations. Plaintiff's Motion to Amend (ECF No. 8) and exhibits (Exhibit Lists Parts 1, 2, and 3, filed as one document split due to size constraints) clarify these claims.

Plaintiff requests denial of the motion, consistent with Federal Rules of Civil Procedure 7(b) and 12(b)(6), and Eastern District of Michigan Local Rule 7.1.

RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. Deny Defendants' Motion to Dismiss (ECF No. 7) in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6);
2. Allow this case to proceed to discovery on Plaintiff's negligence, fraud, and civil theft claims;
3. Alternatively, grant Plaintiff leave to amend the complaint under Federal Rule of Civil Procedure 15(a)(2), as proposed in ECF No. 8;

    4. Grant any further relief deemed just and proper, consistent with 28 U.S.C. § 1915 and Federal Rule of Civil Procedure 8.

## BRIEF IN SUPPORT OF PLAINTIFF'S OPPOSITION

I. LEGAL STANDARDS

    A. Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss tests whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court must construe the complaint in the plaintiff's favor, accept all factual allegations as true, and draw all reasonable inferences for the plaintiff. Ashh, Inc. v. All About It, LLC, 475 F. Supp. 3d 676, 678 (E.D. Mich. 2020). Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim" showing entitlement to relief, and pro se pleadings are held to a less stringent standard to ensure access to justice. Haines v. Kerner, 404 U.S. 519, 520 (1972); Tesley v. Martin, No. 18-1158, 2019 WL 11003420, at *3 (6th Cir. Apr. 1, 2019). However, pro se litigants must comply with basic pleading requirements. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).

        1. Res judicata bars a claim if:

            a. a final judgment on the merits was entered;

            b. the subsequent action involves the same parties;

            c. the issues were litigated or should have been litigated in the prior action; and

            d. the causes of action are identical.

    B. Bittinger v. Tecumseh Prods. Co., 123 F.3d 877, 880 (6th Cir. 1997). Dismissals for procedural reasons, such as under 28 U.S.C. § 1915(g) or § 1915(e)(2)(B) for curable defects, are considered without prejudice and do not trigger res judicata. Hill v. Elting, 683 F. App'x 799, 802 (11th Cir. 2017); Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 396 (1990). Federal Rule of Civil Procedure 41(b) clarifies that dismissals are without prejudice unless specified otherwise.

    C. Removal under 28 U.S.C. § 1441 allows defendants to transfer a state court case to federal court, and plaintiffs are not responsible for invoking federal jurisdiction. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal Rule of Civil Procedure 15(a)(2) encourages courts to grant leave to amend freely when justice requires. Foman v. Davis, 371 U.S. 178, 182 (1962).

II.    ARGUMENT

    A. Res Judicata Does Not Apply Due to Defendants' Removal from State Court Defendants' removal of this case from Michigan's 10th Judicial Circuit to federal court under 28 U.S.C. § 1441 (ECF No. 7, PageID.42) negates any res judicata bar from prior federal litigation. Plaintiff filed this action in state court, not federal court, and is not bound by the prior federal dismissal or injunction in Groulx v. Takeda Pharmaceutical Co., No. 1:24-cv-12000 (E.D. Mich.), which restricts only federal filings without leave (ECF No. 7, PageID.46). Federal law holds that a plaintiff is not barred from pursuing state court claims after a federal dismissal, especially when defendants initiate federal jurisdiction via removal. Caterpillar Inc., 482 U.S. at 392 (plaintiffs are not responsible for federal jurisdiction in removed cases); Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497,

505 (2001) (federal dismissal without prejudice does not preclude state court action). The prior injunction does not apply to state court filings, as confirmed by Spivey v. Robert Cole Law Firm, 514 F. Supp. 3d 890, 895 (E.D. Mich. 2021). By removing the case, Defendants knowingly brought it into federal court, and Plaintiff is entitled to proceed. See 28 U.S.C. § 1441; Fed. R. Civ. P. 81(c).

B. Prior Dismissal Was for a Procedural Issue and Considered Without Prejudice The prior case (No. 1:24-cv-12000) was dismissed for a procedural issue under 28 U.S.C. § 1915(g) (PLRA three-strikes rule) and/or § 1915(e)(2)(B), which is considered without prejudice, negating res judicata. Defendants claim the dismissal was with prejudice (ECF No. 7, PageID.44), but the record indicates it was partly due to Plaintiff's litigation history under the PLRA's three-strikes rule, a procedural bar (ECF No. 7, PageID.48). Federal case law establishes that dismissals for procedural reasons, such as § 1915(g), are not on the merits and are treated as without prejudice. Hill v. Elting, 683 F. App'x 799, 802 (11th Cir. 2017) (three-strikes dismissal is procedural, not a merits judgment, allowing refiling); Wilson v. Lynaugh, 878 F.2d 846, 850 (5th Cir. 1989) (PLRA dismissals do not bar state court actions). Similarly, dismissals under § 1915(e)(2)(B) for curable defects, such as standing or inadequate allegations, are without prejudice unless explicitly stated. Denton v. Hernandez, 504 U.S. 25, 34 (1992) (frivolity dismissals under § 1915 are often without prejudice); Nagy v. FMC Butner, 376 F.3d 252, 258 (4th Cir. 2004) (§ 1915(e)(2)(B) dismissals allow amendment if defects are curable). Federal Rule of Civil Procedure 41(b) reinforces this, stating that dismissals are without prejudice unless the court specifies otherwise. The dismissal order (No. 1:24-cv-12000, ECF No. 8) does not explicitly state "with prejudice" for all claims, and procedural dismissals under §

1915(g) or § 1915(e)(2)(B) permitted Plaintiff to refile in state court, as confirmed by Semtek, 531 U.S. at 505, and Michigan law, Mudge v. Macomb Cty., 458 Mich. 87, 105 (1998) (dismissals for pleading defects are without prejudice if amendment is possible).

C. Current Claims Are Distinct Tort Allegations The current complaint, as clarified in Plaintiff's Motion to Amend (ECF No. 8), alleges negligence, fraud, and civil theft under Michigan law, distinct from the prior case's FDCA-based claims. The magistrate judge in the prior case noted that Plaintiff's allegations "would be negligence" (No. 1:24-cv-12000, ECF No. 6, cited in ECF No. 7, PageID.46), supporting the distinction. Res judicata requires an identity of causes of action, arising from the same "nucleus of operative facts." Lucky Brand Dungarees, Inc. v. Marcel Fashions Group, Inc., 590 U.S. 405, 412 (2020). Here, Plaintiff alleges Defendants' negligence in over-collecting plasma, fraud through misrepresentations, and civil theft under MCL 600.2919a, supported by Exhibits A-E (Exhibit Lists Parts 1, 2, and 3, filed as one document due to size constraints). These tort claims differ from the prior FDCA claims, as new legal theories create distinct causes of action. Federated Dep't Stores v. Moitie, 452 U.S. 394, 398 (1981); Adair v. State, 470 Mich. 105, 124 (2004).

D. Prior Case Was Not Fully Litigated Res judicata applies only if the prior case was fully litigated. Bittinger, 123 F.3d at 880. The prior case was summarily dismissed under 28 U.S.C. § 1915(e)(2)(B) and/or § 1915(g) before Defendants answered or discovery occurred (No. 1:24-cv-12000, ECF No. 6). Federal law recognizes that such dismissals do not constitute full litigation. Denton, 504 U.S. at 34; Cooter & Gell, 496 U.S. at 396. Plaintiff, as a pro se litigant, was not afforded a full opportunity to litigate, negating res judicata.

E. Plaintiff Has Standing and Cognizable Injuries Plaintiff has standing and alleges cognizable injuries, satisfying Article III and 28 U.S.C. § 1332. Standing requires: (1) injury in fact; (2) causation; and (3) redressability. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992). Plaintiff alleges specific injuries—severe migraines requiring medical attention, dehydration, hunger, and emotional distress—caused by Defendants' over-collection of plasma (ECF No. 8, PageID.18). Exhibits A-E document volumes exceeding 880 mL (Exhibit Lists Parts 1, 2, and 3), and Plaintiff's declaration (Exhibit F) authenticates these. These injuries are traceable to Defendants' actions and redressable through damages, as sought in ECF No. 8. See Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016) (concrete injuries confer standing).

F. Claims Are Grounded in Michigan Tort Law, Not Federal Regulatory Violations Defendants assert that Plaintiff's claims are based on 21 C.F.R. § 640.63, a federal regulation under the Food, Drug, and Cosmetics Act (FDCA) that does not provide a private right of action (ECF No. 7, PageID.49). However, Plaintiff's claims are rooted in Michigan tort law, not federal law. The FDCA regulation is referenced solely to establish the standard of care for Defendants' conduct, which is permissible under federal precedent. See Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 811 (1986) (federal regulations may inform state tort claims without creating a private federal cause of action). As detailed in the amended complaint (ECF No. 8),

1. Plaintiff alleges:
    a. Negligence, based on Defendants' duty to safely collect plasma, breach of that duty by exceeding safe volumes, causation, and resulting damages (e.g., migraines, dehydration);

  b. Fraud, based on Defendants' knowing misrepresentations about the safety and compliance of plasma collections, Plaintiff's reasonable reliance, and resulting harm; and

  c. Civil theft under MCL 600.2919a, based on Defendants' wrongful and intentional taking of Plaintiff's plasma without informed consent or compensation, causing damages.

2. These claims are supported by Michigan law:

  a. Hord v. Envtl. Rsch. Inst. of Mich., 463 Mich. 399, 404 (2000) (elements of negligence);

  b. Cummins v. Robinson Twp., 283 Mich. App. 677, 695 (2009) (elements of fraud);

  c. Dep't of Agric. v. Appletree Mktg., LLC, 485 Mich. 1, 13-14 (2010) (elements of civil theft under MCL 600.2919a).

3. Additionally, Exhibits G-I (Notices of Intent, Exhibit List Part 3) corroborate Plaintiff's allegations by documenting prior notifications to Defendants of their alleged misconduct, reinforcing the tort claims.

CONCLUSION

Res judicata does not bar this case because Defendants' removal under 28 U.S.C. § 1441 negates prior federal litigation restrictions, the prior dismissal was for a procedural issue under 28 U.S.C. § 1915(g) and/or § 1915(e)(2)(B), considered without prejudice (Hill, 683 F. App'x at 802; Denton, 504 U.S. at 34), and the current tort claims (negligence, fraud, civil theft) are distinct, as supported by ECF No. 8 and Exhibits A-I (Exhibit Lists Parts 1, 2, and 3). Plaintiff has standing, alleges cognizable injuries, and bases claims on Michigan tort law, not federal regulations. The

Court should deny the motion, allow the case to proceed, or grant leave to amend under Federal Rule of Civil Procedure 15(a)(2).

Respectively submitted by:

| | |
|---|---|
| /s/ Patrick-Joseph: Groulx | Date: June 13, 2025 |

Patrick-Joseph: Groulx
2070 Houlihan Road
Saginaw Michigan [48601]
989 860-2550
mr.288074@yahoo.com

CERTIFICATE OF SERVICE

I, Patrick-Joseph: Groulx, certify that on June 13, 2025, I electronically filed my PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS with the Clerk of the Court through the Eastern District pro se document upload and I emailed Phillip G. Litchfield and Zachary Stillman, his copy at litchfieldp@litchfieldcavo.com and to stillman@litchfieldcavo.com.

Respectfully submitted,

| | |
|---|---|
| /s/ Patrick-Joseph: Groulx | June 13, 2025 |

Patrick-Joseph: Groulx
2070 Houlihan Road
Saginaw, MI 48601
989-860-2550
mr.288074@yahoo.com