**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| PATRICK JOSEPH GROULX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 25-cv-11667-TLL-PTM |
| ) | |
| TAKEDA PHARMACEUTICAL COMPANY, ) | |
| a Foreign Corporation, BAXTER ) | Hon. Thomas L. Ludington |
| HEALTHCARE CORPORATION, ) | |
| a Foreign Corporation, and BIOLIFE PLASMA ) | |
| SERVICES LP, a Foreign Limited Partnership, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY IN SUPPORT OF FRCP 12(b)(6) MOTION TO DISMISS**

Defendants TAKEDA PHARMACEUTICAL COMPANY LIMITED (incorrectly named as TAKEDA PHARMACEUTICAL COMPANY) ("Takeda"); BAXALTA US INC. (incorrectly named as BAXTER HEALTHCARE CORPORATION) ("Baxalta"); and BIOLIFE PLASMA SERVICES LP ("BioLife") (collectively "Defendants"), by and through their attorneys, Litchfield Cavo LLP, pursuant to Federal Rule of Civil Procedure 12(b)(6), and for their Reply in Support of their Motion to Dismiss (ECF No. 7), state as follows:

**INTRODUCTION**

Plaintiff's Response in Opposition to Defendants' Motion to Dismiss (ECF No. 11) does nothing to overcome the clear application of *res judicata* in this case, or to salvage the facially deficient claims asserted. This is Plaintiff's second attempt to litigate the same allegations against the same parties based on the same conduct. His prior case was dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) after a merits-based review by this Court, and the dismissal was affirmed over Plaintiff's objections. Plaintiff's arguments—claiming the prior dismissal was merely procedural, or that removal somehow nullifies preclusion—are legally incorrect. Likewise, his

attempt to relabel the same FDCA-based allegations as "tort" claims does not avoid dismissal. Plaintiff's Complaint is barred in full, and no amendment could cure these inherent defects.

## ARGUMENT

Plaintiff's opposition fails as a matter of law. The doctrine of *res judicata* bars this action in its entirety because Plaintiff previously litigated these same claims—arising from the same alleged facts, against the same parties—in a case that was dismissed with prejudice. His attempts to evade preclusion through procedural mischaracterizations, repackaging of claims, and misplaced citations do not withstand scrutiny. Even setting aside the preclusive effect of the prior dismissal, Plaintiff's Complaint again fails to state a claim under any cognizable legal theory. No further amendment would cure these defects. Dismissal with prejudice remains warranted.

### I.    Res Judicata Bars This Action

Plaintiff previously filed a virtually identical action in this Court against the same Defendants based on the same alleged conduct. That case was dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) following a merits review and overruled objections. *See Groulx v. Takeda Pharmaceutical Co., et al.*, No. 1:24-cv-12000 (E.D. Mich.), ECF Nos. 1, 6, 8. Final judgment was entered. *Id.* at ECF No. 9. All elements of *res judicata* are met, and this lawsuit is barred in its entirety.

Plaintiff's suggestion that the Defendants' removal of a state court claim with near-identical allegations somehow defeats *res judicata* is unsupported and legally incorrect. Removal does not reset or nullify the preclusive effect of a prior final judgment.

The record contradicts Plaintiff's argument that the prior dismissal was not on the merits. The dismissal was entered under section 1915(e)(2)(B), which constitutes a final adjudication for res judicata purposes. *See Coleman v. Frazee*, No. 24-11465, 2024 WL 4828724, *2 (E.D. Mich. Nov. 19, 2024) (dismissing *in forma pauperis* complaint under § 1915(e)(2)(B) pursuant to *res*

*judicata* after finding claims identical to another complaint also dismissed by the court under § 1915(e)(2)(B)); *Butts v. Wilkinson*, 145 F.3d 1330 (6th Cir. 1998) (unpublished table decision) (upholding dismissal of prisoner civil rights complaint based upon *res judicata*); *see also Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398 (1981) (where claims asserted were previously raised and addressed in a prior case, the doctrine of *res judicata* prevents re-litigation of such matters). Plaintiff had the opportunity to object, and did so. *See Groulx*, No. 1:24-cv-12000, ECF No. 7. The dismissal was affirmed and judgment entered. *Id.* at ECF Nos. 8, 9.

Plaintiff's reliance on *Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir. 1989), *Denton v. Hernandez*, 504 U.S. 25 (1992), and *Nagy v. FMC Butner*, 376 F.3d 252 (4th Cir. 2004) is misplaced. Whatever those cases say about the *potential* for section 1915(e)(2)(B) dismissals to be entered without prejudice, that is not what occurred here. The prior dismissal in this case was *expressly with prejudice* and followed a full merits screening and adjudication of Plaintiff's objections. That final judgment triggers claim preclusion regardless of whether other section 1915 cases have resulted in different outcomes under different facts. Additionally, Plaintiff's reliance on *Wilson* is doubly misplaced. That case neither involved claim preclusion nor interpreted the post-PLRA version of section 1915. It predates both the statutory amendments and the controlling Sixth Circuit precedent directly addressing the preclusive effect of section 1915(e)(2)(B) dismissals. It simply has no bearing on the outcome here.

Accordingly, the claims are barred, and this action should be dismissed in full.

**II.    Removal Does Not Circumvent Preclusion**

Plaintiff's suggestion that removal somehow nullifies the preclusive effect of the prior dismissal is meritless. A federal court judgment bars reassertion of the same claims even when the plaintiff attempts to pursue them in state court and the defendants remove the case back to federal court. *See Cemer v. Marathon Oil Co.*, 583 F.2d 830, 832 (6th Cir. 1978) (affirming *res judicata*

dismissal of a removed state case following a prior federal judgment). *Res judicata* applies when the second action is based on the same nucleus of operative fact, regardless of whether the plaintiff shifts legal theories. *See* Restatement (Second) of Judgments § 25, cmt. e & illus. 10. Here, Plaintiff is attempting to relabel the same conduct already litigated as new tort claims, which does not defeat claim preclusion. Removal does not confer a right to relitigate claims already resolved.

Plaintiff's reliance on *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001), is misplaced. That case addressed the preclusive effect of a federal diversity dismissal based on state statute-of-limitations law. The Supreme Court held that in such cases, the preclusion effect is governed by federal common law, which generally incorporates the forum state's rules. *Id.* at 500-01. *Semtek* has no application here. Plaintiff's prior case was not dismissed on procedural or limitations grounds, but under federal law—specifically § 1915(e)(2)(B)—following a merits-based review. Even under *Semtek*, that dismissal has preclusive effect because Michigan law, which governs here, recognizes the finality of such judgments. Plaintiff's attempt to relitigate in a new venue is exactly the sort of forum manipulation *Semtek* sought to prevent.

Plaintiff also attempts to rely on *Spivey v. Robert Cole Law Firm*, 514 F. Supp. 3d 890, 895 (E.D. Mich. 2021) (*as cited*), to argue that a prior federal injunction does not apply to state court filings. However, undersigned counsel has been unable to locate this case. The reporter citation provided by Plaintiff leads instead to *Tilman v. Clarke Cnty.*, 514 F. Supp. 3d 884 (S.D. Miss. 2021).[1]

---

[1] Giving Plaintiff the benefit of the doubt, undersigned counsel also searched by case name in multiple databases, including Westlaw and Lexis, with no relevant results. Accordingly, the cited case and the purported holding appears to have been fabricated, either by Plaintiff himself or generative artificial intelligence.

In sum, removal does not revive dead claims, *Semtek* does not shield Plaintiff from the consequences of a federal dismissal under section 1915(e), and reliance on nonexistent authority underscores the baselessness of Plaintiff's position.

**III. Plaintiff's Claims Are Not New or Distinct**

Plaintiff attempts to repackage previously dismissed claims by attaching new tort labels such as negligence, fraud, and theft. Dressing up the allegations as common law negligence, fraud, or "theft" does not change their character. All turn on the same underlying premise: that Defendants violated the Food, Drug, and Cosmetic Act ("FDCA") and related FDA regulations by allegedly collecting plasma from Plaintiff in excess of the federal limits. The gravamen of the claim remains unchanged.

Plaintiff again cites 21 C.F.R. § 640.63, but that regulation does not provide a private right of action. Courts, including the instant venue, have repeatedly rejected attempts to use FDA regulations as the basis for tort liability absent explicit congressional authorization. *Groulx*, No. 1:24-cv-12000, ECF No. 6 at p. 5 (citing *Bailey v. Johnson*, 48 F.3d 965, 966-68 (6th Cir. 1995); *accord Schering-Plough Healthcare Prods. v. Schwarz Pharma., Inc.*, 586 F.3d 500, 509 (7th Cir. 2009); *Bowling v. Johnson & Johnson*, 65 F. Supp. 3d 371, 376-77 & n.35 (S.D.N.Y. 2014)). The reality is that this statutory scheme vests exclusive enforcement authority with the U.S. Food and Drug Administration. *See* 21 U.S.C. § 337(a) ("[A]ll such proceedings for the enforcement, or to restrain violations, of this chapter shall be by and in the name of the United States."); *see also* 21 U.S.C. § 335b. Accordingly, to the extent Plaintiff seeks to base his claims on alleged violations of federal regulations governing plasma collection, those claims fail as a matter of law.

Plaintiff cannot recast regulatory grievances as tort claims simply by invoking the words "fraud," "negligence," and "theft." Courts routinely reject such efforts when the underlying right

5

is not privately enforceable. *See Bailey*, 48 F.3d at 966 (affirming dismissal where plaintiff "attempted to assert a private cause of action under the FDCA").

Notably, Plaintiff's invocation of *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804 (1986), is inapposite. That case addressed whether state-law tort claims alleging violations of the FDCA could support *federal-question jurisdiction* under 28 U.S.C. § 1331—i.e., whether they could be *removed* to federal court. *Id.* at 816-17. The Supreme Court held they could not, because Congress did not create a private right of action under the FDCA, and merely referencing a federal standard in a state claim does not confer federal jurisdiction. *Id.*

Removal is not the issue here. Plaintiff is not opposing removal; he is attempting to reassert claims already dismissed *in* federal court. *Merrell Dow* said nothing about claim preclusion. In fact, its holding reinforces Defendants' position: because there is no private right of action under the FDCA, Plaintiff cannot revive the same regulatory theory under tort labels and expect a different result. If anything, *Merrell Dow* undermines his attempt to relitigate these claims with a new complaint. As before, Plaintiff's allegations do not state an actionable theory under either federal or state law.

That Plaintiff now asserts "new" tort theories is irrelevant under the preclusion doctrine. Plaintiff's core allegations are based on the same operative facts previously litigated and dismissed. Relabeling them does not defeat claim preclusion.

## IV. Amendment Would Be Futile

District Courts may deny leave to amend where amendment would be futile—that is, when the proposed amendment could not withstand a Rule 12(b)(6) motion. *Parchman v. SLM Corp.*, 896 F.3d 728, 737-38 (6th Cir. 2018) (quoting *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017)).

6

Here, even if the Court grants leave to amend (ECF No. 8), no amendment could overcome the dispositive bar of *res judicata* or cure the fundamental legal defects discussed above and in Defendants' Motion to Dismiss (ECF No. 7). Plaintiff has already litigated and lost these claims. Repackaging the same core theory under different factual details or tort labels would not change the result. Amendment would be a futile exercise and should be denied.

## V.     Plaintiff's Brief Cites Numerous Cases that cannot be Located

Finally, it should be noted that Plaintiff's brief is riddled with phantom citations. As discussed above, *Spivey v. Robert Cole Law Firm*, 514 F. Supp. 3d 890 (E.D. Mich. 2021) does not exist. The citation actually refers to *Tilman v. Clarke Cnty.*, 514 F. Supp. 3d 884 (S.D. Miss. 2021), which is irrelevant. Plaintiff also cites *Hill v. Elting*, 683 Fed. Appx. 799 (11th Cir. 2017), another case that undersigned counsel has been unable to locate. That correct case appears to be *Jones v. Warden*, 683 Fed Appx. 799 (11th Cir. 2017). These repeated citation errors render Plaintiff's brief unreliable and unworthy of consideration.

## CONCLUSION

Plaintiff's Opposition does not salvage his claims. This action is barred in full by *res judicata,* fails to state a claim under any cognizable theory, and relies on mischaracterizations, inapplicable precedent, and fictitious citations. No amendment could cure these defects. Dismissal with prejudice remains not only appropriate, but necessary.

WHEREFORE, Defendants respectfully request that Plaintiff's Complaint be dismissed with prejudice, and for any further relief that this Court deems reasonable and just.

Respectfully submitted,

*/s/ Phillip G. Litchfield*
One of the Attorneys for Defendants

Phillip G. Litchfield (P86929)
Zachary G. Stillman (P87670)
**LITCHFIELD, CAVO, LLP**
303 West Madison, Suite 300
Chicago, IL 60606
(312) 781-6584 (Litchfield)
(312) 781-6672 (Stillman)
LitchfieldP@LitchfieldCavo.com
Stillman@litchfieldcavo.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June __, 2025, the foregoing Reply in Support of Motion to Dismiss was served via email to the following party, and electronically filed with the CM/ECF system.

>Patrick Joseph Groulx
>*Pro Se Plaintiff*
>2070 Houlihan Rd.
>Saginaw, Michigan 48601
>(989) 860-2550
>Mr.288074@yahoo.com

>/s/ *Phillip G. Litchfield*
>One of the Attorneys for Defendants