## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

PATRICK JOSEPH GROULX,

     *Plaintiff*,

*v.*

TAKEDA PHARMACEUTICAL
COMPANY LIMITED, et al.,

     *Defendants*.

_____/

Case No. 1:25-cv-11667

Thomas L. Ludington
United States District Judge

Patricia T. Morris
United States Magistrate Judge

## REPORT AND RECOMMENDATION
## TO GRANT DEFENDANTS' MOTION TO DISMISS (ECF No. 7)
## AND
## TO DENY PLAINTIFF'S MOTION FOR LEAVE TO AMEND (ECF No. 8)

## I.    RECOMMENDATION

For the following reasons, **IT IS RECOMMENDED** that the Court **GRANT**

Defendants Takeda Pharmaceutical Company Limited, Baxalta US Inc., and BioLife

Plasma Services LP's joint motion to dismiss (ECF No. 7) and **DENY** Plaintiff

Patrick Joseph Groulx's motion for leave to amend his complaint (ECF No. 8).[1]  If

adopted, this case will be dismissed in its entirety.

---

[1] In their motion, Defendants identify themselves with these names and explain that they are incorrectly named in the complaint and thus on the docket.  (*See* ECF No. 7, PageID.41).

## II.    <u>REPORT</u>

### A.    Introduction

Groulx, proceeding without the assistance of counsel, filed the instant lawsuit in state court on April 25, 2025.  (ECF No. 1, PageID.1–2).  Defendants jointly removed the case from state court to federal court on June 4, 2025.  (*See* ECF No. 1).  Next, on June 10, 2025, Defendants filed a joint motion to dismiss (ECF No. 7) and Groulx filed a motion for leave to amend his complaint (ECF No. 8).  The motion to dismiss is fully briefed (ECF Nos. 11, 12), and Defendants did not file a timely response to the motion for leave to amend.  For the reasons explained below, the Court should grant Defendants' joint motion to dismiss (ECF No. 7) and deny Groulx's motion for leave to amend (ECF No. 8).

### B.    Motion to Dismiss Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of [his] claims that would entitle [him] to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001).  That said, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007).  The plausibility standard requires the plaintiff to "raise a right to relief above the speculative level

on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). The complaint must include more than "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action." *Id.* The requirement to provide a plausible claim does not require that a claim be "probable"; however, a claim must be more than merely "conceivable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009).

When a plaintiff proceeds without counsel, a court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### C.    Analysis

As explained in Defendants' joint motion to dismiss, Groulx previously filed a substantially similar lawsuit to the one currently before the Court. (*See generally Groulx v. Takeda Pharm. Co.*, No. 1:24-CV-12000 [hereinafter *Groulx I*]). Groulx filed that lawsuit on July 30, 2024, against the same three Defendants named in this case. (*Compare Groulx I*, ECF No. 1 *to* ECF No. 1, PageID.6–23). Groulx wrote in both complaints that "[t]his is an action for fraudulently taking over 880 ml of plasma from Plaintiff without compensation and taking over 880 ml of plasma endangered Plaintiff's wellbeing which had the potential to kill Plaintiff when taking

over 880 ml of plasma from a person such as the Plaintiff." (*Groulx I*, ECF No. 1, PageID.3; ECF No. 1, PageID.8). Further, in both cases, Groulx's claims are for Defendants' alleged violations of the same federal regulations. (*Compare Groulx I*, ECF No. 1, PageID.5–7 *to* ECF No. 1, PageID.12–20). Accordingly, Defendants now move to dismiss this case under the doctrine of res judicata. (ECF No. 7). *See, e.g.*, *Coleman v. Frazee*, No. 24-11465, 2024 WL 4828724, at *2 (E.D. Mich. Nov. 19, 2024) ("Plaintiff's current claims were previously raised and addressed in that prior case and may not be re-litigated under the doctrine of res judicata or claim preclusion.").

In the Sixth Circuit, res judicata

> applies when (1) there is a final decision on the merits in the first action by a court of competent jurisdiction; (2) the second action involves the same parties, or their privies, as the first; (3) the second action raises an issue actually litigated or which should have been litigated in the first action; and (4) there is an identity of claims between the first and second actions. *Heike v. Central Michigan University Board of Trustees*, 573 F. App'x 476, 480 (6th Cir. 2014). A claim dismissed with prejudice constitutes a final decision on the merits. *Fizer v. City of Burton*, No. 15-CV-13311, 2016 WL 6821989, at *3 (E.D. Mich. Nov. 18, 2016). "Causes of action share an identity where the facts and events creating the right of action and the evidence necessary to sustain each claim are the same." *Heike*, 573 F. App'x at 483 (citing *Sanders Confectionery Prod., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 484 (6th Cir. 1992)).

*Sanders v. Purdom*, No. 2:23-CV-11413, 2024 WL 4181136, at *7 (E.D. Mich. July 16, 2024), *report and recommendation adopted*, 2024 WL 3771437 (E.D. Mich. Aug. 13, 2024). All four elements are met here.

First, *Groulx I* resulted in a final decision on the merits by a court of competent jurisdiction. Specifically, this Court dismissed *Groulx I* on February 6, 2025, under 28 U.S.C. § 1915(e)(2)(B) "for frivolity and failure to state a claim." (*Groulx I*, ECF No. 8, PageID.160). Contrary to Groulx's arguments in his response brief, courts have held that a prior dismissal under § 1915(e)(2)(B) can satisfy the first res judicata element. *See, e.g.*, *Harmon v. Webster*, 263 F. App'x 844, 845 (11th Cir. 2008) ("A court of competent jurisdiction rendered a final judgment on the merits, and the present complaint raises the same claims against the same parties."); *Baldwin v. Wyo. Police Dep't*, No. 1:11-CV-858, 2011 WL 7143129, at *4 (S.D. Ohio Dec. 14, 2011) (collecting cases), *report and recommendation adopted*, 2012 WL 351168 (S.D. Ohio Feb. 2, 2012). Similarly, Groulx's argument that res judicata does not apply because he filed this case in state rather than federal court is also contradicted by caselaw. *See Cemer v. Marathon Oil Co.*, 583 F.2d 830 (6th Cir. 1978) (affirming district court's dismissal under the doctrine of res judicata in a case removed from state to federal court).

Second, both cases involve the same parties, namely Groulx as Plaintiff and Takeda Pharmaceutical Company Limited, Baxalta US Inc., and BioLife Plasma Services LP as Defendants.

Third, this case raises the same issues or claims as *Groulx I*. Here, as in *Groulx I*, Groulx brings claims for alleged violations of federal regulations for the same

conduct as before.  The Court considered and then dismissed these claims in *Groulx I*.

In his response, Groulx tries to reframe his current claims as tort claims, rather than claims for violations of federal regulations.  However, as Defendants correctly argue, Groulx's "attempt to relabel the same [Food, Drug, and Cosmetics Act]-based allegations as 'tort' claims does not avoid dismissal."  (ECF No. 12, PageID.115–16).  As Defendants explain:

> Dressing up the allegations as common law negligence, fraud, or "theft" does not change their character.  All turn on the same underlying premise: that Defendants violated the Food, Drug, and Cosmetic Act ("FDCA") and related FDA regulations by allegedly collecting plasma from Plaintiff in excess of the federal limits.  The gravamen of the claim remains unchanged.

(*Id.* at PageID.119).  *See Cemer*, 583 F.2d at 832 ("Where two successive suits seek recovery for the same injury, a judgment on the merits operates as a bar to the later suit, even though a different legal theory of recovery is advanced in the second suit.").

Fourth, both cases arise from the same operative facts.  Both lawsuits concern a plasma collection during which Groulx alleges that plasma in excess of the amount allowed under federal regulations was fraudulently removed from his body without compensation.  Groulx also alleges that the removal of this much plasma endangered his health.

6

Here, all four res judicata elements are met and "[t]he weight of authority supports dismissal for failure to state a claim when a case is barred by the doctrine of res judicata." *Owens v. Shelby Cnty. Sch. Bd. of Educ.*, No. 2:18-cv-02345, 2018 WL 4374238, at \*8 (W.D. Tenn. Jul. 18, 2018) (collecting Sixth Circuit cases affirming Rule 12(b)(6) dismissal based on res judicata), *report and recommendation adopted*, 2018 WL 4179076 (W.D. Tenn. Aug. 31, 2018).    Therefore, it is recommended that the Court grant Defendants' joint motion to dismiss.  (ECF No. 7).

Finally, the Court should deny Groulx's motion to amend his complaint.  (ECF No. 8).  Groulx's proposed amended complaint would also be subject to dismissal under the doctrine of res judicata and district courts can deny leave to amend when the proposed amended complaint is "futile," meaning it "could not withstand a Rule 12(b)(6) motion to dismiss."  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

### D.    Conclusion

For these reasons, **IT IS RECOMMENDED** that the Court **GRANT** Defendants' joint motion to dismiss (ECF No. 7) and **DENY** Groulx's motion for leave to amend his complaint (ECF No. 8).

## III.  <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address

each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  October 24, 2025                    s/PATRICIA T. MORRIS
                                           Patricia T. Morris
                                           United States Magistrate Judge