UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**Patrick-Joseph: Groulx**  Case No. 2:25-cv-11667

Plaintiff/Prosecutor    United States District Judge, Thomas L. Ludington
                        United States Magistrate Judge, Patricia T. Morris

v.

**Takeda Pharmaceutical Company Limited**, **Baxalta US Inc.**, and **BioLife Plasma Services LP**,

DEFENDANTS
_____/

# PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Patrick-Joseph Groulx, proceeding pro se, hereby files these specific written objections to the Magistrate Judge's Report and Recommendation ("R&R") dated October 24, 2025 (ECF No. 14), pursuant to Federal Rule of Civil Procedure 72(b)(2) and 28 U.S.C. § 636(b)(1). Plaintiff requests de novo review by the District Judge of the objected-to portions. The R&R recommends granting Defendants' motion to dismiss (ECF No. 7) and denying Plaintiff's motion for leave to amend (ECF No. 8). For the reasons stated below, the R&R contains palpable errors of law and fact, demonstrates bias and discrimination against Plaintiff as a pro se litigant, and violates constitutional principles. The R&R should be rejected, the motion to dismiss denied, and Plaintiff granted leave to amend or additional time to cure any deficiencies. These objections incorporate relevant

federal constitutional rights (e.g., Due Process under the Fifth and Fourteenth Amendments, Equal Protection under the Fourteenth Amendment, First Amendment right to petition the government for redress of grievances, and Seventh Amendment right to jury trial), verified case laws from the U.S. Supreme Court, U.S. Courts of Appeals (including the Sixth Circuit), Michigan federal courts, doctrines (e.g., res judicata, futility of amendment), legal maxims (e.g., "Nemo debet bis vexari pro una et eadem causa"), U.S. Codes (e.g., 28 U.S.C. §§ 1915, 455), and Code of Federal Regulations (e.g., 21 C.F.R. § 640.63) as applicable.

**I. Introduction and Basis for Objections**

A. The R&R errs in recommending dismissal without affording Plaintiff a fair opportunity to address alleged deficiencies, particularly given Plaintiff's pro se status, which entitles him to liberal construction of pleadings under Haines v. Kerner, 404 U.S. 519, 520 (1972) (U.S. Supreme Court holding that pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers," and dismissal is improper if the plaintiff can prove any set of facts entitling him to relief); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (U.S. Supreme Court reaffirming liberal construction for pro se pleadings, requiring courts to accept factual allegations as true); Neitzke

v. Williams, 490 U.S. 319, 329-30 (1989) (U.S. Supreme Court holding that pro se complaints should not be dismissed for failure to state a claim unless factual allegations are clearly baseless); and Hughes v. Rowe, 449 U.S. 5, 9-10 (1980) (U.S. Supreme Court extending liberal construction to pro se prisoner complaints, reversing premature dismissal). Pro se litigants possess heightened constitutional rights to access the courts under the First Amendment (right to petition for redress; Bounds v. Smith, 430 U.S. 817 (1977) (U.S. Supreme Court linking access to courts with petition rights)), Due Process under the Fifth and Fourteenth Amendments (requiring fair procedures; Mathews v. Eldridge, 424 U.S. 319 (1976)), and Equal Protection under the Fourteenth Amendment (prohibiting discrimination against unrepresented parties; Village of Willowbrook v. Olech, 528 U.S. 562 (2000)). These rights must be expanded for pro se litigants, as they are scrutinized and punished severely for procedural errors that would be overlooked or cured for represented parties, often leading to unjust dismissals without merits review. The R&R ignores that Plaintiff's amended complaint (ECF No. 8) includes specific factual details satisfying the "who, what, when, where, why, and how" (5W1H) of the claims, rendering any dismissal fraudulent. Furthermore, the R&R improperly applies res judicata, mischaracterizes the complaints as identical, denies amendment rights

without prior court order, and exhibits bias by pointing out deficiencies that should be raised by Defendants' counsel, not the court. These errors are palpable and warrant rejection of the R&R, consistent with the doctrine of procedural due process, which requires notice and an opportunity to be heard before deprivation of property or liberty interests (Mathews v. Eldridge, 424 U.S. 319, 333 (1976) (U.S. Supreme Court establishing balancing test for due process in civil proceedings)).

## II. Specific Objections

### A. Objection No. 1: The R&R Commits Fraud by Recommending Dismissal When the Complaint Satisfies the 5W1H Standard, Making the Claims Plausible and Entitling Plaintiff to Relief.

1. The R&R states on pages 2-3 that the complaint relies on "conclusory statements, labels, and formulaic recitations" without sufficient facts to state a plausible claim under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). This is a palpable error and fraudulent misrepresentation by the court, depriving Plaintiff of Due Process (Fifth/Fourteenth Amendments), Seventh Amendment jury rights, and First Amendment petition rights. As a pro se litigant, Plaintiff is entitled to expanded rights to cure errors without

severe punishment, yet the R&R scrutinizes the pleadings harshly, ignoring liberal construction mandates (Haines, 404 U.S. at 520; Erickson, 551 U.S. at 94; Neitzke, 490 U.S. at 329-30). Plaintiff's amended complaint (ECF No. 8) clearly addresses the 5W1H:

a. Who: Defendants BioLife (direct actor), Takeda, and Baxalta (parents/affiliates), through agents at the Flint facility.

b. What: Fraudulent over-collection of plasma exceeding 880 mL under 21 C.F.R. § 640.63 (Code of Federal Regulations governing plasma collection limits for donors weighing 175 lbs or more), misrepresentations via false consent forms and verbal assurances, negligence in oversight, and civil theft of biological property without compensation.

c. When: Specific dates (January 12, 14, 19, 21, 26, 28; February 2, 4, 2023) and times (approx. 9:00 a.m. to 1:00-3:00 p.m.).

d. Where: BioLife's facility at G3559 Miller Rd, Flint, MI 48507. · Why: To maximize profits by over-collecting and concealing risks, breaching duties under common law and Michigan statutes (e.g., MCL 600.2919a).

 e. How: Through documented over-collections (Exhibits A-E showing volumes like 895 mL), false assurances concealing FDA violations, understaffing causing prolonged sessions, and failure to disclose health risks, resulting in Plaintiff's migraines, dehydration, hunger, and emotional distress. These facts go beyond "speculative" allegations and show entitlement to relief, including compensatory, punitive, nominal, and treble damages. By ignoring this 5W1H structure, the R&R fraudulently portrays the complaint as deficient to justify dismissal. Relevant maxim: "Ubi jus, ibi remedium" (Where there is a right, there is a remedy), supporting Plaintiff's entitlement to proceed.

**B. Objection No. 2: The R&R Denies Plaintiff's Right to Amend Without a Prior Court Order, Committing Palpable Error and Fraud; Plaintiff Should Be Granted 14 Days to Fix Any Issues Before Dismissal.**

1. The R&R denies leave to amend as "futile" (pages 7-8), stating the proposed amended complaint repeats deficiencies and is barred by res judicata. This is a palpable error, depriving Plaintiff of Due Process (Fifth/Fourteenth Amendments), Equal Protection (Fourteenth Amendment), and First Amendment petition rights. Pro se litigants

warrant more litigation rights, as they face severe scrutiny and punishment for errors that represented parties can amend freely, violating equal treatment principles (Haines, 404 U.S. at 520; Hughes, 449 U.S. at 9-10; Erickson, 551 U.S. at 94). Under Fed. R. Civ. P. 15(a)(2), leave to amend should be "freely given when justice so requires," especially for pro se litigants. No prior court order has ever granted or denied amendment in this case, making the denial premature and fraudulent. The R&R fraudulently assumes futility without allowing Plaintiff to address feedback, ignoring that amendments cure defects and promote merits-based resolution. Plaintiff should be allowed at least 14 days to fix any issues, mirroring the objection period under Rule 72(b)(2). If Plaintiff fails, then dismiss—but preemptively denying this right is fraudulent and discriminatory, as it treats Plaintiff differently than represented parties who routinely amend in response to motions to dismiss (Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (U.S. Court of Appeals emphasizing presumption in favor of amendment absent strong Foman factors)). This constitutes court fraud by blocking access to justice under 28 U.S.C. § 1915 (governing in forma pauperis proceedings, but not barring amendments). Relevant doctrine: Futility of amendment requires the proposed changes to fail as a matter of law (Rose

v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000) (Sixth Circuit case)). Maxim: "Actus curiae neminem gravabit" (An act of the court shall prejudice no one), barring prejudicial denial of amendment.

### C. Objection No. 3: The R&R Errs in Finding the Allegations Identical to the Prior Case; the Complaints Are Not the Same.

1. The R&R claims on pages 3-5 that this case involves "the same issues or claims" as Groulx I (No. 1:24-cv-12000), applying res judicata. This is a palpable factual error, depriving Plaintiff of Due Process (Fifth/Fourteenth Amendments), Seventh Amendment jury rights, and First Amendment petition rights. As a pro se litigant, Plaintiff deserves expanded rights to refine claims without severe punishment for initial errors, yet the R&R imposes harsh scrutiny by mischaracterizing differences (Neitzke, 490 U.S. at 329-30; Hughes, 449 U.S. at 9-10). The original complaint (1:24-cv-12000) and amended complaint (2:25-cv-11667) differ substantially from the prior case: · Prior case (Groulx I) was vague and dismissed for frivolity, lacking detailed exhibits, specific harms (e.g., migraines requiring attention), or clarified roles of Takeda/Baxalta. · Current amended complaint adds new facts: precise

volumes (e.g., 895 mL), exhibits (photos), misrepresentations (false consent forms), understaffing, and Michigan-specific claims (civil theft under MCL 600.2919a). It reframes as torts, not just FDCA violations under 21 C.F.R. § 640.63. These are not "identical" operative facts under the res judicata doctrine in the Sixth Circuit, which requires: (1) final merits decision, (2) same parties or privies, (3) issues litigated or could have been, (4) identity of causes of action (Heike v. Central Michigan University Board of Trustees, 573 F. App'x 476, 480 (6th Cir. 2014) (Sixth Circuit unpublished opinion outlining elements; identity requires same transaction or occurrence); Polyak v. Buford Evans & Sons, 890 F.2d 416 (6th Cir. 1989) (Sixth Circuit applying res judicata in pro se context but only where claims identical)). Res judicata does not apply where claims differ, as in Kaufman v. Somers Board of Education, 368 F. Supp. 28 (D. Conn. 1973) (federal court holding res judicata inapplicable because state and federal causes of action were not the same) and River Park, Inc. v. City of Highland Park, 184 Ill. 2d 290 (1998) (Illinois Supreme Court finding res judicata inapplicable due to different causes in federal and state complaints). The R&R's mischaracterization is fraudulent, as it ignores these enhancements to justify preclusion.

Maxim: "Res judicata facit de albo nigrum" (Res judicata makes white black; but only if properly applied).

### D. Objection No. 4: The R&R Misapplies Res Judicata; the Prior Dismissal Under the 3-Strike Rule Was Unconstitutional, Vague, and Not on the Merits.

1. The R&R applies res judicata, claiming Groulx I was a final merits dismissal under 28 U.S.C. § 1915(e)(2)(B) (pages 4-5). This is a palpable legal error, depriving Plaintiff of Equal Protection (Fourteenth Amendment), Due Process (Fifth/Fourteenth Amendments), and First Amendment petition rights. Pro se litigants, often indigent, require more rights to avoid severe punishment from vague or unconstitutional rules like the 3-strike provision, which the R&R enforces harshly (Erickson, 551 U.S. at 94; Neitzke, 490 U.S. at 329-30). From Plaintiff's perspective, the prior dismissal invoked the unconstitutional "3-strike rule" under 28 U.S.C. § 1915(g), which discriminates against indigent litigants by denying future in forma pauperis status after three frivolous dismissals. Although upheld in some circuits (Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002)), § 1915(g) has been criticized as unconstitutional in suppressing petition rights. Moreover, the dismissal

order was vague—it did not specify "with prejudice" or "without prejudice," leaving Plaintiff to guess its meaning, rendering it unconstitutional. Vague rulings cannot support res judicata (Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 501 (2001) (U.S. Supreme Court on preclusive effects requiring explicit merits judgment); Migra v. Warren City School District Bd. of Educ., 465 U.S. 75 (1984) (U.S. Supreme Court discussing limits of res judicata where federal claims not raised in state proceedings, but emphasizing need for identical claims)). Dismissals under § 1915(e)(2)(B) for frivolity do not always constitute merits judgments for res judicata if reversed or vague (Denton v. Hernandez, 504 U.S. 25 (1992) (U.S. Supreme Court on frivolity standards)). The R&R's application is fraudulent and ignores this vagueness. Maxim: "Nemo debet bis vexari pro una et eadem causa" (No one should be twice vexed for the same cause; but only with clear prior judgment).

### E. Objection No. 5: The R&R Exhibits Bias and Discrimination by Pointing Out Plaintiff's Deficiencies; This Is Not the Court's Role When Defendants Are Represented.

1. The R&R improperly identifies deficiencies in Plaintiff's complaint (e.g., pages 2-3, 6-7), such as lack of plausibility and no private FDCA action under 21 U.S.C. § 337(a) (exclusive FDA enforcement; Buckman Co. v. Plaintiffs' Legal Committee, 531 U.S. 341, 349 n.4 (2001) (U.S. Supreme Court confirming no private right)). This is a palpable error showing bias against pro se litigants, depriving Plaintiff of Equal Protection (Fourteenth Amendment), Due Process (Fifth/Fourteenth Amendments), and First Amendment petition rights. Pro se litigants should receive more litigation rights, as they endure severe scrutiny and punishment for errors, while courts assist represented parties; this disparity demands heightened safeguards to ensure neutrality (Haines, 404 U.S. at 520; Hughes, 449 U.S. at 9-10). When one party is represented (as Defendants are), it is their attorneys' job to point out defects—not the court's (Pliler v. Ford, 542 U.S. 225, 231 (2004) (U.S. Supreme Court cautioning that judges are not required to advise pro se litigants to avoid partiality appearance)). By doing so, the Magistrate acts as Defendants' advocate, discriminating against Plaintiff and violating judicial impartiality under 28 U.S.C. § 455

(requiring disqualification for bias or impartiality doubt; Liteky v. United States, 510 U.S. 540 (1994) (U.S. Supreme Court on extrajudicial bias)). This bias fraudulently tilts the scales, denying Plaintiff a neutral forum. Maxim: "Nemo judex in causa sua" (No one should be a judge in their own cause).

### III. Conclusion

A. For these palpable errors, the R&R should be rejected in full. Plaintiff requests de novo review, denial of the motion to dismiss, grant of leave to amend (or 14 days to cure), and any other relief as just. If adopted, the R&R would perpetuate fraud and unconstitutionality.

Respectively submitted by:

/s/ Patrick-Joseph: Groulx                    Date: November 3, 2025
Patrick-Joseph: Groulx
2070 Houlihan Road
Saginaw Michigan [48601]
989 860-2550
mr.288074@yahoo.com

CERTIFICATE OF SERVICE

I, Patrick-Joseph: Groulx, certify that on November 3, 2025, I electronically filed PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION with the Clerk of the Court through the Eastern District pro se document upload and I emailed Phillip G. Litchfield and Zachary Stillman, his copy at litchfieldp@litchfieldcavo.com and to stillman@litchfieldcavo.com.

Respectfully submitted,

/s/ Patrick-Joseph: Groulx                                            November 3, 2025
Patrick-Joseph: Groulx
2070 Houlihan Road
Saginaw, MI 48601
989-860-2550
mr.288074@yahoo.com