IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| PATRICK JOSEPH GROULX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 25-cv-11667-TLL-PTM |
| ) | |
| TAKEDA PHARMACEUTICAL COMPANY, ) | |
| a Foreign Corporation, BAXTER ) | Hon. Thomas L. Ludington |
| HEALTHCARE CORPORATION, ) | |
| a Foreign Corporation, and BIOLIFE PLASMA ) | |
| SERVICES LP, a Foreign Limited Partnership, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSES TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE PATRICIA T. MORRIS' REPORT AND RECOMMENDATION (ECF NO. 15)**

Defendants TAKEDA PHARMACEUTICAL COMPANY LIMITED (incorrectly named as TAKEDA PHARMACEUTICAL COMPANY) ("Takeda"); BAXALTA US INC. (incorrectly named as BAXTER HEALTHCARE CORPORATION) ("Baxalta"); and BIOLIFE PLASMA SERVICES LP ("BioLife") (collectively "Defendants"), by and through their attorneys, Litchfield Cavo LLP, for their Responses to Plaintiff's Objections (ECF No. 15) to Magistrate Judge Patricia T. Morris' Report and Recommendation (ECF No. 14) (hereafter "R&R"), state as follows:

I. **Plaintiff's Introduction and Basis for Objections**

Plaintiff's "Introduction and Basis for Objections" merely repeats general assertions of bias, due-process violations, and "pro se" leniency. None of these arguments identify any specific error in the R&R or alter the plausibility analysis under *Twombly* and *Iqbal*.

II. **Response to Objection No. 1**

Plaintiff's first objection merely re-argues that his complaint satisfies a self-invented "5W1H standard." No such standard exists in federal pleading practice. The controlling authority remains *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662

(2009), which require factual allegations sufficient to render a claim plausible on its face—not a narrative checklist of "who, what, when, where, why, and how." Courts in this Circuit uniformly reject conclusory invocations of constitutional and statutory language unaccompanied by factual content. *See, e.g., Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011).

The Magistrate Judge correctly found that the amended complaint relies on labels and legal conclusions rather than facts establishing any actionable duty or misrepresentation by these Defendants. Listing dates and quoting a regulation that provides no private right of action (21 C.F.R. § 640.63) does not cure that defect. The R&R properly applied *Twombly* and *Iqbal*; Plaintiff's assertion that it committed "fraud" or violated the Seventh Amendment is legally frivolous. While pro se pleadings are construed liberally, they still must state a claim. *See Tesley v. Martin*, No. 18-1158, 2019 WL 11003420, *3 (6th Cir. Apr. 1, 2019) (citing *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004) and *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

Accordingly, Objection No. 1 fails to identify any legal or factual error in the R&R.

### III.     Response to Objection No. 2

Plaintiff's second objection misstates both the procedural posture and the governing standard for amendment. The Magistrate Judge did not "deny amendment without a prior court order," nor was any "fraud" committed. The R&R properly concluded that amendment would be futile because the proposed amended complaint merely re-asserted the same deficient and precluded claims.

Under Fed. R. Civ. P. 15(a)(2), leave to amend may be denied where amendment would be futile—that is, when the amended complaint could not withstand a motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) ("A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss.") (citing *Thiokol*

*Corp. v. Dep't of Treasury*, 987 F.2d 376, 382–83 (6th Cir. 1993)). Courts routinely deny leave on this basis. *See also Thiokol Corp.*, 987 F.2d at 382.

Although pro se pleadings are construed liberally, pro se litigants must still follow the Federal Rules and must state proper and plausible claims. *See Response to Objection No. 1, supra.* Liberal construction does not require the court to give repeated opportunities to re-plead conclusory or barred claims.

Here, Plaintiff already filed an amended complaint that Judge Morris correctly found duplicative of Plaintiff's earlier action and deficient under Twombly/Iqbal. The R&R's futility finding was therefore entirely consistent with Rule 15 and Sixth Circuit precedent. The suggestion that the court must provide "14 days to fix any issues" has no basis in any rule or statute.

Accordingly, Objection No. 2 identifies no error in the R&R's denial of leave to amend.

## IV. Response to Objection No. 3

Plaintiff's assertion that this action is "not identical" to *Groulx I* mischaracterizes both the pleadings and the governing standard. The R&R correctly found that the two cases arise from the same operative nucleus of facts and are therefore barred by res judicata.

As explained in Defendants' Motion to Dismiss, claim preclusion applies where (1) a final judgment on the merits was entered in a prior action, (2) the subsequent action involves the same parties or their privies, (3) the issue was or could have been litigated in the prior action, and (4) both suits arise from the same transaction or occurrence. *Bragg v. Flint Bd. of Educ.*, No. 22-1071, 2022 WL 3222048, at *2 (6th Cir. Aug. 9, 2022) (quoting *Heike v. Cent. Mich. Univ. Bd. of Trs.*, 573 F. App'x 476, 480 (6th Cir. 2014)).

The amended complaint here rests on the same alleged conduct and injuries already dismissed in *Groulx I*—the same plasma-collection dates, same facility, and same defendants. Plaintiff's insertion of additional adjectives, exhibits, or statutory citations does not create a new

cause of action. The Sixth Circuit consistently applies res judicata to encompass not only matters actually litigated, but also any other claims stemming from the same transaction or occurrence that a party, through reasonable diligence, could have raised in the earlier action. *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 484 (6th Cir. 1992).

For the reasons set forth above and in Defendants' prior briefing, the R&R properly concluded that this second suit is precluded and should be dismissed in its entirety.

### V.     Response to Objection No. 4

Plaintiff's fourth objection mischaracterizes both the basis and effect of the prior dismissal in Groulx I. The R&R correctly determined that the earlier action was dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim and therefore constitutes a final judgment on the merits for purposes of res judicata.

As explained in Defendants' Motion to Dismiss, a dismissal for failure to state a claim operates as an adjudication on the merits under Rule 41(b) unless the order states otherwise. *See Bragg v. Flint Bd. of Educ.*, No. 22-1071, 2022 WL 3222048, at *2 (6th Cir. Aug. 9, 2022) (affirming dismissal on res judicata grounds where prior complaint was dismissed for failure to state a claim). Courts within this Circuit have consistently held that Section 1915(e)(2)(B) dismissals qualify as merits determinations with preclusive effect.

Plaintiff's assertions that the prior dismissal was "vague" or "unconstitutional" under the three-strikes rule are meritless. Section 1915(g) governs a litigant's ability to proceed in forma pauperis in future cases—it has no bearing on whether the underlying judgment in *Groulx I* was final or valid. His disagreement with the outcome does not convert a routine Rule 12(b)(6)/Section 1915(e)(2)(B) dismissal into a constitutional violation.

Accordingly, as the R&R correctly recognized, the prior judgment in *Groulx I* satisfies the first element of res judicata, and Plaintiff's attempt to re-litigate those same claims is barred.

## VI. Response to Objection No. 5

Plaintiff's fifth objection—alleging judicial bias because the R&R identified the legal deficiencies in his pleadings—lacks any factual or legal basis. Judge Morris performed the neutral and limited review expressly required under 28 U.S.C. § 1915(e)(2)(B), which mandates dismissal where a complaint fails to state a claim upon which relief can be granted. Evaluating whether a pleading meets the standards of *Twombly* and *Iqbal* is not advocacy; it is the court's statutory obligation.

As discussed above and in Defendants' Motion to Dismiss, even pro se pleadings must satisfy Rule 8(a) and allege sufficient facts to state a plausible claim for relief. *See Response to Objection No. 1, supra*. Liberal construction does not mean the court must ignore clear pleading defects or refrain from applying the governing standards.

Nothing in the record supports Plaintiff's claim that the Magistrate acted as Defendants' advocate or otherwise displayed bias. The R&R simply applied the same objective legal standards to this case as it would to any other. Allegations of bias cannot substitute for a plausible claim.

Accordingly, Objection No. 5 provides no basis to reject the R&R's conclusions.

WHEREFORE, for the reasons set forth above and in Defendants' prior briefing, Defendants respectfully request that this Honorable Court overrule Plaintiff's Objections, adopt the Magistrate Judge's Report and Recommendation in full, and dismiss this action with prejudice.

    Respectfully submitted,

    /s/ *Phillip G. Litchfield*
    One of the Attorneys for Defendants

Phillip G. Litchfield (P86929)
Zachary G. Stillman (P87670)
**LITCHFIELD, CAVO, LLP**
303 West Madison, Suite 300
Chicago, IL 60606
(312) 781-6584 (Litchfield)
(312) 781-6672 (Stillman)
LitchfieldP@LitchfieldCavo.com
Stillman@litchfieldcavo.com

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on November 3, 2025, the foregoing Responses to Plaintiff's Objections to Magistrate Judge Patricia T. Morris' Report and Recommendation were served via email to the following party, and electronically filed with the CM/ECF system.

                Patrick Joseph Groulx
                *Pro Se Plaintiff*
                2070 Houlihan Rd.
                Saginaw, Michigan 48601
                (989) 860-2550
                Mr.288074@yahoo.com


                /s/ *Phillip G. Litchfield*
                One of the Attorneys for Defendants