UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PATRICK JOSEPH GROULX,

                Plaintiff,                              Case Number 25-11667

v.                                          Honorable David M. Lawson
                                                  Magistrate Judge Patricia T. Morris

TAKEDA PHARMACEUTICAL COMPANY,
LTD, BAXELTA US, INC., and BIOLIFE
PLASMA SERVICES, PS,

                Defendants.

_____/

**<u>OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS,
ADOPTING REPORT AND RECOMMENDATION, DENYING
PLAINTIFF'S MOTION TO AMEND COMPLAINT, GRANTING
DEFENDANTS' MOTION TO DISMISS, AND DISMISSING CASE</u>**

Plaintiff Patrick Groulx filed a complaint without the assistance of an attorney alleging that

the defendants, processors and developers of blood products, took more plasma from the blood he

donated than allowed by federal regulations and did not provide him with compensation required

by federal law.  The Court referred the case to Magistrate Judge Patricia Morris for pretrial

management.  Thereafter, the defendants filed a joint motion to dismiss the complaint and the

plaintiff filed a motion to amend the complaint.  Judge Morris issued a report on October 24, 2025

recommending that the Court grant the motion to dismiss, deny the motion to amend the complaint,

and dismiss the case with prejudice.  The plaintiff filed timely objections to the report and

recommendation, and the matter is now before the Court.

I.

In 2024, Patrick Groulx filed a lawsuit in this Court against Takeda Pharmaceutical

Company, Baxter Healthcare Corporation, and Biolife Plasma Services LP alleging that the

defendants violated certain federal regulations governing blood donation and processing.  He said

that he visited a Biolife blood donation center in Flint, Michigan at least eight times during January and February 2023, and each time the facility took more blood plasma than the regulations allow. He sought $80 billion in damages from Biolife and lesser amounts from the other defendants, which he alleged are Biolife's parent companies. The Court screened the case under 28 U.S.C. § 1915(e)(2)(B), determined that the claims were frivolous, and dismissed the case. The Court also took note that Groulx had filed more than a dozen previous frivolous lawsuits, and it enjoined Groulx from filing any more cases in this district without obtaining permission in advance.

Groulx then changed his tactics. On April 25, 2025, he filed a nearly identical complaint against the same defendants in state court, making the same allegations about the blood donations, and citing the same federal regulations. The defendants removed the case to this Court and promptly filed a motion to dismiss based on the doctrine of *res judicata*, also known as claim preclusion. Groulx moved to amend his complaint. The case had been referred to Magistrate Judge Morris for pretrial management. She agreed that the new lawsuit mapped nearly identically onto the dismissed case and is barred by the claim preclusion doctrine. Although the amended complaint asserted some details about the blood collection procedure, it would not have changed the core allegations and could not escape the claim preclusion bar. Judge Morris recommended granting the motions to dismiss and denying the motion to amend the complaint.

The plaintiff filed five objections to the report and recommendation. Before turning to them, some background is appropriate.

According to the American Red Cross, the fluid circulating in our arteries and veins is referred to as "whole blood." Whole blood is made up of red cells, white cells, platelets, and plasma. The plasma component is clear or straw-colored, consists of 90 percent water, and carries nutrients, minerals, proteins, and hormones. Donors can contribute their whole blood, but they

also can donate their plasma. When that happens, technicians must perform a procedure to separate and extract plasma. *See* ABO Plasma, *What's The Difference Between Donating Blood And Plasma?* (Feb. 28, 2025), https://aboplasma.com/whats-the-difference-between-donating-blood-and-plasma/ (last visited July 21, 2026). The Food and Drug Administration has promulgated rules governing the extraction process, known as plasmapheresis, "in which, during a single visit to the establishment, blood is removed from a donor, the plasma separated from the formed elements, and at least the red blood cells returned to the donor." 21 C.F.R. § 640.65.

The regulations limit the frequency of donations by a single donor to no more than two collections in a single week, both of which must be performed at least two days apart. *Id.* § 640.65(b)(4)-(5), (b)(8). For donors who, like Groulx, weigh more than 175 pounds, each collection can draw no more than 600 milliliters of blood "at one time," and no more than 1,200 milliliters of blood in total during a single procedure. *Id.* § 640.65(b)(5)-(6).

Groulx believes that the regulations limit the collection of plasma from a donor who weighs more than 175 to 880 milliliters per collection. He cites 21 C.F.R. § 640.63 for that proposition, and he contends that the defendants exceeded this limit and failed to compensate him. But there is no such section in the Code of Federal Regulations. Section 640.65 governs plasmapheresis. It prescribes the volume of whole blood that can be drawn from a single doner at once and over a seven-day period, and it states that "[t]he volume of plasma collected during an automated plasmapheresis collection procedure shall be consistent with the volumes specifically approved by the Director, Center for Biologics Evaluation and Research." 21 C.F.R. § 640.65(b)(8).

But all this is beside the point. Groulx's claims recited in his complaint removed from state court are the same ones he tried to advance in the earlier case filed in this Court. The

magistrate judge determined that he cannot proceed in this case because the last one was dismissed on the merits after screening.  As mentioned above, Groulx objects to the dismissal.

II.

When a party files timely objections to a report and recommendation, the Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(2), (3) (requiring court review of "any part of the magistrate judge's disposition that has been properly objected to") (emphasis added); *United States v. Raddatz*, 447 U.S. 667, 673-74 (1980); *United States v. Walters*, 638 F.2d 947, 949 (6th Cir. 1981).  This fresh review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part.  28 U.S.C. § 636(b)(1).

But this review is not plenary.  "The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the Court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985).  As a result, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Tchrs. Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

Objections to a magistrate's report and recommendation must be "specific in order to focus the busy district court's attention on only those issues that were dispositive and contentious."

- 4 -

*Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Parties may not raise new claims or theories not raised previously. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (explaining that the Magistrate Judges Act does not permit "parties to raise at the district court stage new arguments or issues that were not presented to the magistrate").

### A. First Objection

First, Groulx argues that the magistrate judge wrongly criticized his complaint as failing to satisfy the pleading requirements of stating facts that plausibly support a claim, where the report "states on pages 2-3 that the complaint relies on 'conclusory statements, labels, and formulaic recitations' without sufficient facts to state a plausible claim." ECF No. 15, PageID.138. He contends that this observation is "fraudulent misrepresentation" because he has satisfied a pleading standard called the "5W1H," standing for the who, what, when, where, why, and how of a case. *Id.* at PageID.139. Additionally, he believes that the pleadings should have been scrutinized less harshly because he is proceeding without the assistance of a lawyer. *Id.* at PageID.138–39.

This objection, however, fails to engage with the crux of the magistrate judge's report. Groulx appears to have mistaken the section of the report reciting the standard for a dismissal under Civil Rule 12(b)(6) as a finding that he has not satisfied that standard. But Judge Morris did not recommend dismissal for a failure to state a plausible claim; she concluded that the claims he did set out were barred by the doctrine of *res judicata*. As far as the adequacy of the complaint is concerned, the "5W1H" pleadings standard that plaintiff refers to does not govern federal complaints. Instead, Federal Rule of Civil Procedure 8(a) prescribes the requirements of a complaint (stating that a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; a short and plain statement of the claim showing that the pleader is entitled

to relief; and a demand for the relief sought, which may include relief in the alternative or different types of relief"); the Supreme Court has construed this rule to require that a complaint "must plead enough factual matter that, when taken as true, states a claim to relief that is plausible on its face. Plausibility requires showing more than the sheer possibility of relief but less than a probable entitlement to relief." *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir.2010) (cleaned up) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)). But a complaint is also subject to dismissal under Civil Rule 12(b)(6) "when its allegations indicate the existence of an affirmative defense that will bar the award of any remedy," 5B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 1357 (3d ed. 1998). For this to occur, "the applicability of the defense has to be clearly indicated and must appear on the face of the pleading to be used as the basis for the motion." *Id.* The preclusive effect of *res judicata* is one such affirmative defense. *See Solis v. Global Acceptance Credit Co., L.P.*, 601 F. App'x 767, 771 (11th Cir. 2015). Where the pleader fails to distinguish the present claim from a similar previous one that was dismissed, the complaint will be found wanting and subject to dismissal.

Groulx also complains that the magistrate judge did not allow him the latitude that generally is afforded litigants proceeding without an attorney. It is true that a *pro se* litigant's complaint is to be construed liberally, *Middleton v. McGinnis*, 860 F. Supp. 391, 392 (E.D. Mich. 1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), and it is held to "less stringent standards" than a complaint drafted by counsel, *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, such complaints still must plead facts sufficient to show a redressable legal wrong has been committed. Fed. R. Civ. P. 12(b); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001). A complainant who attempts to state a claim that previously was dismissed as frivolous

- 6 -

does not show a redressable wrong. Although a *pro se* litigant's complaint is given considerable latitude, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "[t]he leniency granted to pro se [litigants] . . . is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

The first objection will be overruled.

### B. Second Objection

Next, Groulx argues that the magistrate judge should have granted his motion to amend his complaint. He correctly observes that under Civil Rule 15(a)(2), a court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, amendments may be denied on the basis of futility of the proposed new claim. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir.1999); *Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir.1997)). An amendment is futile if the pleading as amended could not withstand a motion to dismiss. Denying such an amendment saves the parties and the court the expense of having to confront a claim doomed to failure from its outset. *Head v. Jellico Housing Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989) (quoting *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 248 (6th Cir. 1986)).

Judge Morris recommended denying the motion to amend as futile because the plaintiff's proposed amended complaint would still be subject to dismissal under the doctrine of *res judicata*. Judge Morris is correct. Groulx's proposed amended complaint adds no new factual allegations; instead, he simply reiterates his plasma collection allegations with slightly more detail. *See* ECF No. 8, PageID.66-7. And although he proposes to add more claims, including a civil theft claim, the new claims would all suffer the same preclusive effects as the ones currently pleaded. Because the proposed amendments to the plaintiff's complaint are futile, the plaintiff's second objection will be overruled.

C.  Third and Fourth Objections

Plaintiff's objections three and four contest the magistrate judge's application of the *res judicata* doctrine to his present case.  The complaint in the present case relies on a federal regulation as the basis of the claims that the defendants drew too much plasma during the several donation visits.  Because federal law provides the basis for the claims, the federal version of claim preclusion applies.

The doctrine of *res judicata* embraces two separate concepts — claim preclusion and issue preclusion.  Both are intended to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication."  *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 840 (6th Cir. 1997) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).  "Claim preclusion, or true res judicata, refers to [the] effect of a prior judgment in foreclosing a subsequent *claim* that has never been litigated, because of a determination that it should have been advanced in an earlier action.  Issue preclusion, [or collateral estoppel,] on the other hand, refers to the foreclosure of an issue previously litigated."  *Mitchell v. Chapman*, 343 F.3d 811, 819 n. 5 (6th Cir. 2003) (citation omitted).

Only claim preclusion is in play here. That doctrine bars a subsequent action "if the following elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997) (emphasis omitted).

Groulx's third objection focuses on the fourth element.  He says that the FDA violation claims are reframed as state law torts and that the complaint in the present case alleges different

facts from the complaint in the previous lawsuit.  He is not correct.  The allegations in both complaints are based on the same core facts: the eight donation visits that he made during January and February 2023 when the Biotech facility allegedly took more blood plasma than the regulations allow.  All of Groulx's legal claims are based on those essential allegations.  "Causes of action share an identity where the facts and events creating the right of action and the evidence necessary to sustain each claim are the same."  *Heike v. Cent. Michigan Univ. Bd. of Trs.*, 573 F. App'x 476, 483 (6th Cir. 2014) (citing *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 484 (6th Cir. 1992).  Phrased another way, "[t]wo suits are for or in respect to the same claim . . . if they are based on substantially the same operative facts, regardless of the relief sought in each suit."  *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 317 (2011).

The complaint in the present case, and Groulx's proposed amended complaint, add information about the precise volume of plasma taken.  The amendment included photographs purportedly documenting these facts.  However, more exacting precision and expounding details does not change the reality that the factual premises of both cases are identical.  Rebranding the claims under different labels — here, state law tort claims — does not change the application of the doctrine, since *res judicata* bars litigation in the second suit claims that could have been brought in the first one.  *Mitchell v. Chapman*, 343 F.3d 811, 824 (6th Cir. 2003) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)) ("The central purpose of claim preclusion is to prevent the 'relitigating of issues that were or could have been raised in [a prior] action.'"); *J.Z.G. Resources v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996) ("Claim preclusion applies not only to bar the parties from relitigating issues that were *actually* litigated but also to bar them from relitigating issues that *could have been raised* in an earlier action.").

Groulx's fourth objection addresses the first element of the doctrine — that there was a prior adjudication on the merits.   He says that the dismissal in the earlier case was "vague" in that it is not specified whether the dismissal was with or without prejudice.   There is no vagueness in the nature of the prior dismissal.   The earlier lawsuit was screened under 28 U.S.C. § 1915(e)(2)(B) and dismissed as frivolous.   "The dismissal of [a plaintiff's] prior lawsuit under § 1915(e) constitutes an adjudication on the merits for purposes of res judicata." *Johnson v. United States*, 37 F. App'x 754, 755 (6th Cir. 2002) (citing *Denton v. Hernandez*, 504 U.S. 25, 34 (1992); *see also Burton v. Cleveland Ohio Empowerment Zone*, 102 F. App'x 461, 463 (6th Cir. 2004).   There can be no question that the dismissal of the previous case was an adjudication on the merits.

The third and fourth objections will be overruled.

### D.  Fifth Objection

Finally, Groulx contends that the magistrate judge exhibited bias by pointing out deficiencies in the complaint instead of waiting for the defendants to do so.   He argues that by pointing out deficiencies in his complaint, "[Judge Morris] acts as [d]efendants' advocate, discriminating against [him] and violating judicial impartiality under 28 U.S.C. § 455."   ECF No. 15, PageID.146.

The record does not support that contention.   Judge Morris did not raise any issues that the parties themselves omitted.   Her report addressed the joint motion to dismiss, which raised the same *res judicata* issues that the magistrate judge discussed in her report.

The fifth objection will be overruled.

- 11 -

III.

The magistrate judge correctly concluded that the present action is barred by the doctrine of *res judicata*, and that the proposed amended complaint would not cure any of the defects that she identified.  The plaintiff's objections to the report and recommendation lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation (ECF No. 14) is **ADOPTED**, the defendants' motion to dismiss (ECF No. 7) is **GRANTED**, and the plaintiff's motion to amend his complaint (ECF No. 8) is **DENIED**.

It is further **ORDERED** that the case is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   July 23, 2026